THE MONTCLAIR RAILWAY COMPANY, PLAINTIFFS IN
ERROR, v. SAMUEL BENSON ET AL., DEFENDANTS IN
ERROR.

1. On a trial before a jury, on appeal from appraisement by commis=
   sioners of damages for lands taken by a railroad company, there is
   no inflexible rule which limits the period over which inquiry may be
   extended as to the market value of the lands taken. How long ante-
   rior or subsequent to the first appraisement the investigation may be
   carried, must be left, in a great measure, to the sound discretion of
   the court.
2. Not admissible to ask a witness at what price he had offered for sale
   adjoining property.

On error to the Essex Circuit.

This was an appeal from an award of commissioners ap-
pointed under the act entitled " An act to incorporate the
Montclair Railway Company," approved March 18th, 1867,
in the matter of taking the lands of Samuel and Henry
K. Benson. The appeal was tried at the April Term, 1872,
of the Essex Circuit, before Judge Depue and a jury, and a
verdict rendered for the plaintiffs, of $7007.11, and this writ
of error was brought to remove the judgment rendered
upon it.

For the plaintiffs in error, *C. Parker*.

For the defendants in error, *Thos. N. McCarter*.

The opinion of the court was delivered by
VAN SYCKEL, J. In July, 1870, commissioners were
appointed to value certain lands of the defendants in error,
taken by the Montclair Railway Company for the construc-
tion of their railroad, and to appraise the damages sustained
by the said defendants by reason of the taking of their lands.
These land owners being dissatisfied with the appraise-
VOL. VII.                    35

ment, appealed to the Circuit Court of the county of Essex for a trial by jury.

The case comes here by writ of error to review the action of the Circuit Court, rejecting certain testimony offered on the part of the railway company. The trial in the circuit commenced on the 17th of April 1872. The question to be determined was the value of the lands and the damages. of the plaintiffs below, at the time of the assessment by the commissioners.

After the plaintiffs below had proven the value of their lands and their damages, William Jacobus, a real estate agent, was called on behalf of the defendants, and asked " at what price he had offered for sale, since the summer of 1871, the property adjoining that of the plaintiffs," and also, " at what price he had offered the adjoining property for sale during the summer of 1871."

These two questions, which are similar in their character, were overruled by the justice who tried the cause.

There is no inflexible rule in these cases, which limits the period over which this inquiry, started by these questions, may be extended. How long anterior or subsequent to the first appraisement the investigation may be carried, must, in a great measure, be left to the sound discretion of the court below, and unless it appears that that discretion is exercised to the injury of the party whose evidence is rejected, this court ought not to interfere. In some cases, financial disturbances depress, and in others, speculative movements appreciate values, and wherever fluctuation exists, the attempt at comparison between different points of time, would not only furnish an unsafe guide, but introduce new issues to determine whether there had been a rise or a fall, and the extent of it.

The evidence overruled would have introduced other collateral issues, and if admitted, would have entitled the plaintiffs to show that the adjoining owner was under some pressure to sell, or that there was some circumstance which influenced him to offer his property below its actual worth. And it might well be that the damages caused by the building

Montclair R. R. Co. v. Benson et al.

of the railroad, entered into his computation of the value of his lands.

The question was not what the witness, as an expert, estimated the lands to be worth, but what the owner authorized him to sell them for. It not unfrequently happens that property is offered below its fair and actual value. This evidence, therefore, was properly rejected.

The other exceptions are of the like import, and must be subject to the same rule.

In my opinion, the judgment should be affirmed.

*For affirmance*—The Chief Justice, Bedle, Dalrimple, Scudder, Van Syckel, Woodhull, Clement, Green, Lilly, Wales. 10.

*For reversal*—None.

Cited in *Metler* v. *Easton and Amboy Railroad Co.*, 8 *Vr.* 222.