P. SANFORD ROSS ET UX., APPELLANTS, v. THE COMMIS-
SIONERS OF THE PALISADES INTERSTATE PARK,
RESPONDENT.

Argued February 20, 1917—Decided June 6, 1917.

1. Who is an expert on the value of land, under our decisions, must
be left very much to the discretion of the trial judge; his decision
is conclusive, unless clearly shown to be erroneous in matter of
law.
2. The dominant circumstances forming the qualification of expert
witnesses as to land values consist of the fact either that they have
themselves made sales or purchases of other similar lands in the
neighborhood of the land in question, within recent periods, or
that they have knowledge of such sales by others.
3. The mere fact that a witness owns the land, but has no special
knowledge of values, does not qualify as an expert so as to give
an opinion as to the value of the land.
4. Valuing land taken under condemnation, underlaid with stone, the
stone should not be valued separately and apart from the land, but
it may be shown to what extent the land is enhanced in value
by the stone. The stone is a component part of the land.
5. It is not error to admit evidence of prices paid by the condemning
party for similar lands in the vicinity.
6. In order that the price paid for land in the neighborhood of that
being condemned may be evidential, the land must be shown to
be substantially similar.
7. The land is to be valued in the condition in which it was on the
date of filing the petition and order, fixing the time and place for
the condemnation proceedings. *Pamph. L.* 1900, *p.* 81, § 6.

On appeal from the Bergen Circuit Court.

Before Justices TRENCHARD and BLACK.

For the appellants, *Bedle & Kellogg* and *Alonzo Church.*

For the respondent, *Josiah Stryker* and *John W. Wescott,*
attorney-general.

The opinion of the court was delivered by

BLACK, J. This case is an appeal from the verdict of a
jury rendered in a condemnation proceeding, tried at the Ber-

gen Circuit. The verdict of the jury was eight thousand ($8,000) dollars. The award of the commissioners was six thousand six hundred ($6,600) dollars. The amount of land sought to be taken was three and six (3.6) tenths of an acre.

The land under condemnation is situate in the extreme northerly part of the borough of Fort Lee, Bergen county, and lies between a line drawn parallel with the Hudson river one hundred and fifty (150) feet west of the high-water line of the Hudson river and the steep cliffs of the Palisades. The tract extends about nine hundred and eighty (980) feet along this line, while the distance from the line to the cliffs is one hundred and seventy (170) feet at the northerly end and one hundred and fifty-five (155) feet at the southerly end. Access to the land on the west is shut off by the steep cliffs. The surface of the land is a steep slope from the base of the cliffs to the easterly boundary. The land is bounded on the east by other lands of the appellants, which extend easterly one hundred and fifty (150) feet to the high-water line of the Hudson river and from there to the exterior line for solid filling.

The land in question, and the remainder of the same tract, is wild, unoccupied land, the upland being covered with small trees, underbrush and stones, the whole tract being underlaid with slate and sandstone, and at the westerly end, at an elevation of one hundred and twenty-three (123) feet, with trap rock. There is no communication with the land by railroad, trolley or wagon road; none of the land under the Palisades, north of the tract, has ever been used for industrial purposes, and the nearest land under industrial development is two and six (2.6) tenths miles southerly in the adjoining borough of Edgewater.

The grounds of appeal are thirty-eight in number. They are argued, however, under eight (8) heads, in the appellants' brief. They all challenge the rulings of the trial court and allege trial errors as grounds for a reversal of the judgment. The principal ones, however, relate to the court's exclusion of the opinion of appellants' experts as to the value of the land taken. The witnesses offered by the appellants for this

purpose were Mr. Frederick Dunham, a civil engineer; Mr. Floyd S. Corbin, a real estate broker of water front and dock properties in the harbor of New York; Mr. John H. Ehrehardt, a consulting engineer; Mr. Edlow W. Harrison, a distinguished civil and consulting engineer. Mr. Harrison has had long and varied experience in valuing railroad lands in New Jersey for taxation, since 1884, particularly as to the value of the railroad terminal lands in Hudson county. He has been called as an expert on many features of the litigation involving the taxation of railroad property since the passage of the Railroad Tax act of 1884. Mr. Joseph E. Snell is a civil engineer of Newark. Mr. P. Sanford Ross, the appellant and owner of the property under condemnation, is an engineer and contractor. Mr. Dunham testified that he had no familiarity with sales of property under the Palisades, in the vicinity of the Ross property; that he had made no effort to keep in touch with sales of land under the Palisades, in the borough of Fort Lee. Mr. Corbin had no familiarity with the sale of any water front property, in the borough of Fort Lee, or with the sale of any property anywhere, which had the same physical characteristics and the same lack of any means of communication, as the property under condemnation, or the tract of land of which it formed a part. Mr. Ehrehardt had not bought or sold property in Bergen county; he had no knowledge of any sale of any land lying along the Hudson river anywhere in Bergen county. Mr. Harrison testified that the nearest property to the Ross tract, of which he had any knowledge, was the Koch property, which was located one mile south of the Ross property, his familiarity with this property being acquired by appraising it; he had no familiarity with values of land in the borough of Fort Lee, except this one appraisal of the Koch property; he knew of no sales of any property similar or like the Ross property; furthermore, the record does not show any question overruled by the trial court, put to him, as to the value, but it does show that the trial judge said he would sustain the objection. Mr. Snell testified that he had never purchased or sold any land in the vicinity of the tract under condemnation; that he had

no familiarity with the sale price of any land in that vicinity. Mr. Ross testified that he had no knowledge of sales of water front property under the Palisades north of the land under condemnation; that he had made no effort to learn the sale prices of such property; he had no knowledge of either values or purchase prices of any property in the borough of Fort Lee, except the piece under condemnation and the tract of which it was a part, which he purchased in 1882.

The primary question in this case for solution, then, is whether, under our cases, it was error to reject the opinion of these witnesses, on the value of the land under condemnation. Who is an expert under our decisions must be left very much to the discretion of the trial judge; his decision is conclusive, unless clearly shown to be erroneous in the matter of law. *Manda* v. *Delaware, Lackawanna and Western Railroad Co.,* 89 *N. J. L.* 327; *New Jersey Zinc Co.* v. *Lehigh Zinc Co.,* 59 *Id.* 189; *Elvins* v. *Delaware, &c., Tel. Co.,* 63 *Id.* 243; *State* v. *Arthur,* 70 *Id.* 425.

Our Court of Errors and Appeals, speaking on this precise point, said: "Evidently, in the view of these authorities, the most material circumstance forming this qualification of expert witnesses as to land values consists of the fact, either that they have themselves made sales or purchases of other similar lands in the neighborhood of the land in question within recent periods, or that they have knowledge of such sales by others. How recent the occurrence of such sales, in point of time, and how near in location, and how nearly similar in comparison must, of course, vary with the circumstances of each case, and it is therefore impossible to define a general rule applicable to all cases." *Brown* v. *New Jersey Short Line Railroad Co.,* 76 *N. J. L.* 795, 797.

So, the court, in speaking of a former owner of land for six or seven years, said: "Hence, to say nothing of personal capacity or of study or practice, there was shown on his part no opportunity to observe, and no actual observation, in the locality of the land which fitted him to speak of its value. The witness had no special knowledge of values, which, being imparted to the jurors, could aid them in the discharge of their duty." *Walsh* v. *Board of Education of Newark,* 73

*N. J. L.* 643, 647. The witness must have some special knowledge of the subject about which he is called upon to express an opinion. *Crosby* v. *City of East Orange,* 84 *Id.* 708, 710; *Elvins* v. *Delaware, &c., Tel. Co., supra.*

A witness to be an expert must have more than a general knowledge of the subject under investigation. Authorities from other jurisdictions applying a different rule are not binding on this court. It is sufficient to say, in the language of Mr. Justice Dixon, that if in other states, a more liberal rule is applied respecting the opinion of witnesses as to the value of real estate; "the worthlessness of such testimony is hardly a stronger reason for its rejection than the practically limitless amount of it that might be produced." *Laing* v. *United New Jersey Railroad, &c., Co.,* 54 *N. J. L.* 576, 578.

In our reports the rule has been applied in the following illustrative instances to the opinion of witnesses on the valuation and damage to land. A witness has qualified as an expert, who has a knowledge of sales of lots and portions of lands similar to and in the immediate neighborhood of the condemned land; the land so sold was within a radius of two miles from the land in question, and within a period of three years from the date of the giving of the testimony. *Brown* v. *New Jersey Short Line Railroad Co., supra.*

A farmer is not an expert, as to the damage done to a farm by the building of a railroad, other than for farming purposes. *Pennsylvania Railroad Co.* v. *Root,* 53 *N. J. L.* 253. Real estate agents residing six miles distant from the property, who had nothing to do with property in the vicinity or anywhere near it, are not experts on the question of rents. *Haulenbeck* v. *Cronkright,* 23 *N. J. Eq.* 407; *affirmed,* 25 *Id.* 513.

Ordinary real estate agent is not an expert as to the value of the private title in a strip of land lying on a public highway, separated by the street from private property, nor as to damages done to the owner of the abutting property, by appropriating that strip to railroad purposes. *Laing* v. *United New Jersey Railroad, &c., Co.,* 54 *N. J. L.* 576. Real estate agent is not an expert to give his opinion on difference be-

tween value of the property either to rent or sell estimated with the railroad in the street and the value without the railroad. *Thompson* v. *Pennsylvania Railroad Co.*, 51 *Id.* 42. Not simply because witness resided on the property or because the witness owned and resided upon adjoining property. *Riley* v. *Camden, &c., Railway Co.*, 70 *Id.* 289. A real estate agent is not an expert as to the amount of depreciation caused by the existence of a sanitary sewer running through the premises. *Morrell* v. *Preiskel*, 74 *Atl. Rep.* 994. Nor is a real estate agent an expert, who is familiar with prices of property in the neighborhood, as to the value of land after the construction of a tunnel with its present value. *Pennsylvania, New Jersey and New York Railroad Co.* v. *Schwarz*, 75 *N. J. L.* 801.

The fact that a real estate agent on one occasion was able to lease a farm having a water-supply, in preference to one which had not, affords no basis for an opinion concerning the difference in rental value between the two. *Crosby* v. *City of East Orange*, 84 *N. J. L.* 708.

Knowledge of real estate values in the locality does not qualify witness to testify to the diminution in value of property, by reason of the destruction of shade trees standing in the highway in front of it. *Burrough* v. *New Jersey Gas Co.*, 88 *N. J. L.* 643. Or such knowledge in a township. *Van Ness* v. *New York, &c., Tel. Co.*, 78 *Id.* 511. Valuation of adjoining railroad terminals is a basis of qualification of members of board of assessors making the valuation. *Long Dock Co.* v. *State Board of Assessors*, 89 *Id.* 108. An experienced real estate man of large experience is not an expert on the question as to the fair value of the connection and use of a sewer condemned. *Park Land Corporation* v. *Mayor, &c., of Baltimore*, 98 *Atl. Rep.* 157. A witness with some knowledge of real estate is not an expert on the value of shade trees. *Elvins* v. *Delaware, &c., Tel. Co.*, 63 *N. J. L.* 243.

From the rule thus stated, and its application made by our courts, it was not error for the trial court to exclude the opinion of these witnesses, on the value of the land under condemnation.

Nor was it error to admit the opinion of the witness Wil-

liam O. Allison. He had bought and sold property in the
borough of Fort Lee of the same peculiar quality; he quali-
fied, as an expert, under the cases above cited (*Brown* v.
*New Jersey Short Line Railroad Co., supra*) ; nor was it
error to exclude evidence as to the value of the stone in place,
under the case of *Manda* v. *Delaware, &c., Railroad Co.,
supra*. The stone in place is a part of the land; it cannot be
valued separately and apart from the land, to what extent, if
any, the value of the land is enhanced by the stone may be
shown. The value of the land, as stone land suitable for
quarrying is a proper subject of consideration, both by the
witnesses and the jury in fixing the amount of just compen-
sation to be awarded, but not the value of the stone separately
and apart from the land. The value of the land is not
measured by such facts. The stone is a component part of the
land. *Reading, &c., Railroad Co.* v. *Balthaser,* 119 *Pa. St.*
472, 482; 126 *Id.* 1, 10; *Norfolk, &c., Railway Co.* v. *Davis,*
58 *W. Va.* 620, 626; *St. Louis, &c., Railway Co.* v. *Cartan
Real Estate Co.,* 204 *Mo.* 565, 575; *Gardner* v. *Inhabitants
of Brookline,* 127 *Mass.* 358; *Tri-State Tel., &c., Co.* v. *Cos-
griff,* 19 *N. D.* 771; 26 *L. R. A.* (*N. S.*) 1171; 10 *R. C. L.*
129, § 112; *Lew. Em. Dom.* (3d ed.), §§ 724, 725; 15 *Cyc.*
758. These cases cited as supporting a different principle are
not in point: *Dewey* v. *Great Lakes Coal Co.,* 236 *Pa. St.*
498, 500: *Cole* v. *Ellwood Power Co.,* 216 *Id.* 283, 290;
*Seattle, &c., Railroad Co.* v. *Roeder,* 30 *Wash.* 244.

Nor was it error to admit the testimony of Frank Clark,
whether the stone in question would make concrete. So, it
was not error to admit in evidence the prices paid by the con-
demning party for similar lands in the vicinity. *Curley* v.
*Mayor, &c., Jersey City,* 83 *N. J. L.* 760; *Hadley* v. *Free-
holders of Passaic,* 73 *Id.* 197. So, it was not error to ex-
clude the purchase price of the Carpenter tract; it was not
substantially similar land or of the same peculiar quality.
The purchase price included the quarry, machinery and good-
will of a quarry plant in operation. *Manda* v. *Delaware, &c.,
Railroad Co., supra; Brown* v. *New Jersey Short Line Rail-
road Co.,* 76 *N. J. L.* 795; *Manda* v. *City of East Orange,*

82 *Id.* 686. Nor was it error to admit the opinion of Dr.
Henry B. Kümmel, state geologist of New Jersey, with re-
gard to the danger of stones falling from the cliffs along the
Palisades, at the Ross property. Nor was it error, on cross-
examination, to permit the witness Charles W. Stanisforth to
testify as to the specifications of the dock department of New
York City; it was admissible to test his knowledge of the
various specifications which he said he had prepared. Nor
was it error to exclude Joseph E. Snell from answering the
question: "In your opinion does the taking of the three and
six-tenths acres from Mr. Ross' property injure the remain-
ing?" when the witness was permitted to answer the follow-
ing question: "Does the taking of the three and six-tenths
acres render this property less available for commercial pur-
poses?" Under the third ground of appeal, to the witness
Frederick Dunham, this question was asked: "Do you know
whether the railroad has been laid out further up the river?"
This was overruled on the ground that the best evidence as
to whether a railroad had been laid out would be the papers,
if any, in the secretary of state's office. This was not error,
but under this head, counsel for the appellants argued at some
length that the trial court excluded relevant evidence tending
to show the adaptability of the land for commercial purposes;
it is sufficient to say, in answer to this, that the record, so far
as we have been able to find, does not in fact show any such
evidence excluded by the trial court. Nor do we find any
error in the charge of the court to which error is assigned.
This is contained in the thirty-first to the thirty-eighth
grounds of appeal. The precise point of alleged error in the
charge of the trial court is not made clear, and it hardly needs
any extended discussion. The charge is in conformity to the
cases in our reports, on the points excepted to. *Packard* v.
*Bergen Neck Railway Co.,* 54 *N. J. L.* 553; *Manda* v. *City
of Orange,* 82 *Id.* 686; *Manda* v. *Delaware, &c., Railroad Co.,*
*supra.*

The charge of the court that the jury were obliged to value
the land in the condition in which it was on the 12th day of
January, 1914, which was the date of the filing of the petition

JUNE TERM, 1917. 469

*90 N. J. L.*    Society, &c., v. Bd. Conservat'n & Developm't.

and order thereon, fixing the time and place for commencing the condemnation proceedings, was correct, as required by statute. *Pamph. L.* 1900, *p.* 81, § 6; 2 *Comp. Stat., p.* 2184, § 6; *Manda* v. *Delaware, &c., Railroad Co., supra.*

Finding no error in the record, the judgment of the Bergen County Circuit Court is affirmed, with costs.