21 N.J. Super. 254 (1952)
91 A.2d 106
IN THE MATTER OF THE APPLICATION OF THE HOUSING AUTHORITY OF THE CITY OF BAYONNE, PLAINTIFF-RESPONDENT, TO FIX THE COMPENSATION TO BE PAID FOR THE LANDS OF CLARENCE ARMSTRONG AND AUGUSTA ARMSTRONG, HIS WIFE, DEFENDANTS-APPELLANTS, SITUATED IN THE CITY OF BAYONNE, TO BE TAKEN FOR PUBLIC USE.
Superior Court of New Jersey, Appellate Division.
Argued July 28, 1952.
Decided August 29, 1952.
*255 Before Judges DANIEL J. BRENNAN, McLEAN and EWART.
Mr. Theodore Rabinowitz argued the cause for the defendants-appellants (Messrs. Rubenstein & Glick, attorneys, Mr. Leslie P. Glick, on the brief).
Mr. William Rubin argued the cause for the plaintiff-respondent.
The opinion of the court was delivered by DANIEL J. BRENNAN, J.S.C.
This is an appeal from the verdict of a jury in the Superior Court, Law Division, Hudson County, in the sum of $12,000.
*256 Historically the pattern is that there was a condemnation proceeding brought by the Housing Authority of the City of Bayonne pursuant to R.S. 20:1-36. On September 15, 1950, the housing authority filed a declaration of taking and deposited with the Court the sum of $10,825, its estimate of just compensation for the property taken. Judgment on the declaration was entered on September 20, 1950, when the commissioners were named to examine and appraise the lands and property. The commissioners filed a report on April 9, 1951, and awarded to the Armstrongs the sum of $15,970. The defendants Armstrong appealed the award of the commissioners and the housing authority filed a cross-appeal. The issue of damages was tried before the court and a struck jury on June 18 and 19, 1951, and the jury rendered the verdict as heretofore indicated in the sum of $12,000.
The first point made by the defendants-appellants is that the court committed error in refusing to permit the defendants to cross-examine plaintiff's experts as to the sales prices paid by the plaintiff housing authority for other parcels of land contiguous to the subject premises, in the same block and in the same zoning district. It is manifest that the cross-examination of counsel for the defendants had to do with property which was not comparable to the property taken by the housing authority. Such is an essential ingredient to establish a criterion of value, Manda v. Orange, 82 N.J.L. 686 (E. & A. 1912).
The second point is that it was harmful error for the court to allow the plaintiff to question the defendant Clarence Armstrong on the purchase price of the subject property at public sale from the City of Bayonne. Our courts have permitted the trial court a broad discretion in examinations of this character. Montclair R. Co. v. Benson, 36 N.J.L. 557 (E. & A. 1873). The court conceives there is no merit in this objection, and more particularly in the light of the fact that the defendant by his own testimony and that of his witnesses and in the introduction in evidence of the deed did cure any alleged error.
*257 Under point 3 it is argued that the verdict was inadequate and against the weight of the evidence and was arrived at by the jury as a result of partiality, bias, prejudice and mistake, and was contrary to the charge of the court. The range of expert testimony on values as between the experts for the plaintiff-respondent and one of those for the defendants-appellants embraced estimates of value between $10,000 odd as a minimum and $23,000 plus as a maximum.
Learned counsel for the defendants-appellants suggests that the premises were enhanced in value by improvements. In Manda v. D.L. & W.R.R. Co., 89 N.J.L. 327 (E. & A. 1916), it was held that when land is taken by condemnation, trees and topsoil thereon are a part of the land. They should not be valued separately and apart from the land by the jury, but may be taken into consideration in determining to what extent, if any, the value of the land is thereby enhanced. Vide, by analogy, Ross v. Commissioners of Palisades Interstate Park, 90 N.J.L. 461 (Sup. Ct. 1917), in which the court said:
"Valuing land taken under condemnation, underlaid with stone, the stone should not be valued separately and apart from the land, but it may be shown to what extent the land is enhanced in value by the stone. The stone is a component part of the land."
The attack on the jury verdict presupposes all obligation on that body to accept the testimony of expert witnesses. Such is not the law. In State Highway Comm. v. Dover, 109 N.J.L. 303 (E. & A. 1932), the court had this to say at page 307:
"The appellant next contends that because real estate experts valued the lands in question at various figures from $22,498.28 to $31,200, there is no evidence to sustain the verdict for $7,500. But this is not necessarily true. Expert testimony is not necessarily binding upon the jury. The jury may adopt so much of it as appears sound, reject all of it, or adopt all of it. 10 R.C.L. 218; Hinners v. Edgewater and Fort Lee Railroad Co., 75 N.J.L. 514 (E. & A. 1908). The verdict represents the judgment of the jury, after viewing the premises and considering all the evidence with respect to the value of the land."
*258 We are of the opinion that there was no harmful error committed by the trial court and that the verdict of the jury is not inadequate nor the result of partiality, bias, prejudice or mistake. Nor was it contrary to the charge of the court. The weight of the testimony in favor of the plaintiff supports the verdict.
The judgment below is affirmed.