73 N.J. Super. 183 (1962)
179 A.2d 521
NEW JERSEY HIGHWAY AUTHORITY, PLAINTIFF-RESPONDENT,
v.
KATHERINE S. ACKERSON, DEFENDANT-APPELLANT, AND TOWNSHIP OF HOLMDEL, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued February 19, 1962.
Decided March 23, 1962.
Before Judges CONFORD, GAULKIN and KILKENNY.
*184 Mr. Ralph S. Heuser argued the cause for appellant (Messrs. Heuser, Heuser & DeMaio, attorneys).
Mr. Walter Goldberg argued the cause for respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
This is a condemnation case. The New Jersey Highway Authority on August 21, 1953 took 24.23 acres in Holmdel from defendant's 42.73-acre farm. About half the farm acreage was devoted to raising apples. The remainder consisted mostly of tillable land, some woodland and 1.43 acres used for buildings. After the taking, about ten acres of orchard, five of tillable land, two of woodland and the building sites remained. The remaining property was, however, severed by the lands taken and the resulting Parkway.
A qualified appraiser, Lazarus, testified for plaintiff that the defendant's damage as a result of the taking, including severance damage, was $28,125. He valued the entire property as of prior to the taking at $59,000, inclusive of the land at a basic valuation rate of $900 per acre. Defendant's principal real estate expert, Stryker, estimated the value of the entire property before the taking at $123,000 and her damage at $100,700. The jury verdict and judgment, from which defendant appeals, was in the sum of $43,000.
Defendant's first point of appeal is that "the court erred in refusing defendant the right to use the influence of reproduction cost in arriving at value." This is not an accurate description of the trial court's action. The witness Stryker testified to valuations of the parcels of orchard land at rates ranging from about $2700 to $3000 per acre. His rates per acre for the other lands were considerably less. Defendant attempted to educe from him his method of arriving at the higher valuation rates for the orchard lands. This was blocked by successful objection by the plaintiff on the ground, conceded by defendant to be founded in fact, that the witness was about to submit valuations for the *185 trees separately from the land based upon the estimated cost of raising them to productive age, and to explain that he added such cost to his "raw" farm land rates per acre in arriving at his total valuation rates for the orchard acreage. The objection was based on the arguments that (a) reproduction cost is not admissible in a condemnation case where evidence of market value founded upon sales of comparable properties is available, reliance being had upon State v. Burnett, 24 N.J. 280 (1957); and (b) a separate value may not be imparted to growing trees or topsoil on land (except in the case of severable nursery stock), although the value thereof may be taken into consideration in determining to what extent, if any, the value of the land is thereby enhanced. Manda, Inc., v. D., L. & W.R.R. Co., 89 N.J.L. 327 (E. & A. 1916); In re Housing Authority, Bayonne, 21 N.J. Super. 254, 257 (App. Div. 1952); cf. Tennessee Gas Transmission Co. v. Maze, 45 N.J. Super. 496, 503 (App. Div. 1957).
We do not read the Burnett case, supra, as absolutely prohibiting evidence based on reproduction cost merely because proofs of sales of comparable property are available. The decision held it was not error for a trial judge to admit evidence of reproduction cost when dealing with unique property not susceptible of comparison for value with other properties recently sold. The court intimated that it favored a liberal approach in admitting evidence of reproduction cost, the weight attributable to that factor depending upon whether the structure is "suitable to the land." (24 N.J., at p. 290.) If there is economic justification for the present reproduction of such a structure on the land it may fairly be supposed that a prospective purchaser would take the factor of cost of reproduction (less depreciation and obsolescence) into consideration in deciding what to pay therefor. In the present case, however, it was not a mistaken exercise of discretion for the court to have declined to permit the witness to make his breakdown in the manner proposed. First, the analogy of the cost of reproducing structures is of dubious *186 applicability in respect of the cost of reproducing trees. Second, there was proof of sales of other properties, including orchards, which the trial court might, not improperly, have regarded as sufficiently similar in material respects to the subject property as in composite to have afforded far more trustworthy evidence of the market value of the property here in question than the estimated cost of raising the trees added to "raw" farmland value. The latter approach appears to us, at best, as a speculative and unreliable basis for appraising the current market value of orchard lands. The ruling complained of was well within the sound discretion of the trial judge. Moreover, there is persuasive evidence in this record that orchards in Monmouth County, as well as farm lands generally in that area, are steadily giving way to the more profitable economic use of residential development.
The defendant also asserts she was prevented by the trial court from introducing valuation proof by way of income capitalization. Without implying any views of our own as to the probative weight of capitalizing the income of an orchard enterprise in determining the value of the land where carried on, cf. City of Trenton v. Lenzner, 16 N.J. 465 (1954), it suffices to say that defendant did not offer any evidence of the net income of the enterprise which might have been the subject of capitalization. She merely asked her expert, Stryker, in effect, whether he could state the value of the farm if the net income were increased by the additional apples coming from 255 trees which would start production in 1954. (We have stated the question as paraphrased in defendant's own brief). The insufficiency of the premise as a basis for the conclusion sought to be elicited is obvious.
Other points made in defendant's brief and argument require no extended discussion. They are without merit.
Affirmed.