OVERPECK LAND CORPORATION AND JOHN J. CHELLO, APPELLANTS, v. VILLAGE OF RIDGEFIELD PARK, IN THE COUNTY OF BERGEN, RESPONDENT.

Argued October 24, 1927—Decided February 6, 1928.

For the appellants, *J. Emil Walscheid.*

For the respondent, *Winne & Banta.*

The opinion of the court was delivered by

LLOYD, J. The plaintiffs below appeal from a judgment entered on the verdict of a jury in the Bergen County Circuit Court in a condemnation case. The proceeding was by the village of Ridgefield Park to acquire lands of the appellants for certain municipal purposes incident to the erection of a railroad station at that place. There was a verdict for the

plaintiff, but it is claimed by appellants that there were trial errors which adversely affected the amount of the jury's award.

The first point raised is that the learned trial judge erred in refusing a request for instruction to the jury reading as follows:

"There is no evidence in this case from which the jury can find that the sale by Brewster to the appellants of the property taken by the municipality was not a *bona fide* transfer of that property."

The sale referred to was by a deed dated June 30th, 1926, for the land in question from one Morton T. Brewster to the appellants, and it was contended by counsel for the village that the sale in question was not a *bona fide* transfer in the sense that it represented a true measure of value as between persons able and willing though not obliged to contract, but was rather a colorable scheme conceived in view of the prospective taking by the village (the issue in the present case being the value as of November 3d, 1926), whereby it was intended to give to the property an apparent worth it did not possess.

There was proof that the property itself consists of five lots of vacant ground, some of irregular shape, but averaging probably one hundred feet by twenty-five feet, the narrower sides fronting on an unimprovd street; that it is low land, attracting drainage from all sides, making it little better than a swamp. The consideration named in the deed was $15,000, made up of $5,000 in cash and $10,000 in three mortgages given by the vendees to Brewster; and it appeared that the Overpeck company was formed in the March preceding the sale, and that the need for the land in connection with the municipal improvement was generally understood. One Peard, a brother-in-law of Brewster, negotiated the sale, was the organizer of the company, and was the holder of ten shares out of a total of forty shares of its stock, for which he made no payment in cash, but claimed to have given his services therefor. Of the remaining shares five were owned by a niece of Brewster and five later by Peard's wife. These facts,

coupled with the expert testimony that the property was worth but $7,500, and the nature of the land itself, we think afforded adequate ground for the jury to question the *bona fides* of the transaction, and that the instruction requested was properly refused.

It is next contended that a question asked of a witness Mabus (agent for Brewster), as to the price at which he had offered the property for sale was inadmissible. The question was not objectionable in view of Mabus' testimony on direct examination as to the price at which he had previously offered the property.

Finally, it is claimed that a zoning ordinance enacted by the village was improperly received in evidence and improperly commented on in the charge to the jury, appellant resting the contention on the theory that such an ordinance is in itself invalid, in view of the decisions of this court, particularly the case of *State* v. *Nutley,* 99 *N. J. L.* 389.

A municipal ordinance enacted by its legislative body in pursuance of authority conferred by the legislature, like an act of the legislature itself, is presumably constitutional and binding on all, unless and until it is held to be unconstitutional by judicial determination. *Lang* v. *Bayonne,* 74 *N. J. L.* 455. The ordinance was admissible in evidence and the instruction given by the court to the jury limiting its effect to the class of uses conceived by the learned trial judge to be in accord with our decisions, was harmless, in that it was more favorable to the appellants than they were entitled to ask.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.