CHESTER N. ROGERS, PROSECUTOR, v. HUGH McGOWAN, JR., MAYOR, AND ARTHUR W. KNEERIN ET AL., COMMISSIONERS OF THE VILLAGE OF RIDGEFIELD PARK, BERGEN COUNTY, NEW JERSEY, ET AL., ETC., DEFENDANTS.

Decided February 28, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Mark A. Sullivan.*

For the defendants, *Wall, Haight, Carey & Hartpence* (*Morrison, Lloyd & Morrison,* of counsel).

PER CURIAM.

This writ brings up for review a resolution of the board of commissioners of Ridgefield Park, in the county of Bergen, passed on November 23d, 1926, confirming an award made by the general board of assessment to John A. Baldwin.

There was a motion to dismiss the writ for failure to bring on the argument of the cause at the January term, 1927. This circumstance will be considered and dealt with in the course of this opinion.

The conceded facts are that approximately five years ago an application was made to the board of public utility commissioners to compel the West Shore Railway Company, owner, and New York Central Railroad Company, lessee, to erect a passenger station at Mount Vernon street in said

municipality. On September 15th, 1922, an order was made for the erection of the station on or before January 1st, 1926. On June 1st, 1926, the municipality and the railroad entered into a written agreement by which the municpality was to acquire land necessary for the station and platform. On July 1st, 1926, the board approved the plans for the erection of the station. On July 6th, 1926, an ordinance was introduced to acquire land needed for the station. On July 20th, 1926, a hearing on the ordinance was had, at which hearing the prosecutor was present.

The municipality offered to purchase the land needed but the owners refused, and on October 17th, 1926, the matter was referred to the general board of assessment to make an award. On October 19th, 1926, a report of awards was made. On November 3d, 1926, the awards were confirmed, the prosecutor being present at this meeting. Notice of awards and confirmation was given to the owners on November 9th, 1926. Some owners appealed, and Mr. Baldwin accepted the award on Nocember 19th, 1926, and was paid for his land on November 20th, 1926, and made a deed on November 24th, 1926, to the municipality.

The writ in this case was allowed on December 2d, 1926. After the allowance of the writ, defendants, other than the commissioners of the village and village clerk were added. The added defendants were the railroad companies and the owners of the lands to be effected.

On the motion made before us, that the writ should be dismissed because of the failure of the prosecutor to bring on the case for argument at the January term, 1927, we think the writ should not be dismissed on that ground, since it appears that there was not sufficient opportunity afforded the prosecutor to take the necessary depositions and prepare the case for argument at the January term. We think, however, that the writ should be dismissed for laches for the reasons hereinafter stated.

According to the proofs in the cause, the prosecutor delayed taking any steps to enforce such legal rights as he might have had, until Mr. Baldwin, whose award he attacks, had

delivered the deed for his property, and had been paid the money. Moreover, he stood by without challenging the legality of the proceedings, in relation to the contract, the ordinance and the proceedings under which the work was being done, and waited until the railroad company had finished a large part of the work, under its contract, and the municipality had expended its funds in connection therewith. It appears by the proofs that at the time of the application for, and the issuance of, the writ, the passenger platform was about forty per cent. completed; the foundation for the new station finished, and materials were upon the ground for the completion of the job.

Thus, it is manifest that the prosecutor permitted over five months to elapse from the time the contract was entered into between the railroad company and the municipality, and from the passage of the ordinance and the report of the awards made by the board of assessment, though he had full knowledge of all the steps that were being taken by the municipality and the railroad company, before he made any attempt to attack the validity of the contract, or the ordinance, or the award made to Mr. Baldwin, and as a consequence, the prosecutor, by his conduct, has caused the municipality to be led into a position which cannot now be altered without great financial loss to the municipality. In such a posture of affairs, the prosecutor is not entitled to be heard, and the writ should be dismissed, as improvidently granted.

Writ is dismissed, with costs.