**OVERPECK LAND CORPORATION et al. v. VILLAGE OF RIDGEFIELD PARK et al.**

District Court, D. New Jersey.

Sept. 23, 1930.

Donald M. Waesche, of Ridgefield Park, N. J. (Mark Sullivan, of Jersey City, N. J., of counsel), for plaintiffs.

Morrison, Lloyd & Morrison, of Ridgefield Park, N. J., for defendant Village of Ridgefield Park.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., for defendant railroad companies.

FAKE, District Judge.

This is an ejectment suit, removed to this court from the New Jersey Supreme Court. Trial by jury was waived and the case is submitted to the court on an agreed statement of facts. It appears that the plaintiffs became seized in fee of the premises in question on the 30th day of June, 1926. Prior thereto, and as far back as the year 1922, proceedings were pending before the board of public utilities commissioners of New Jersey with the view of erecting a railroad station on or near the premises, and on September 15, 1922, an order was made requiring the erection of a station on or before January 1, 1926. The order does not specify the exact location of the station, but the petition upon which the commission's action was founded prays for its location at Mount Vernon street, which is in the vicinity of the premises in question. On June 1, 1926, the order of the commission not yet having been complied with, the defendant village entered into a contract with the defendant New York Central Railroad Company by the terms of which the village agreed, among other things, to acquire the premises in question and convey to the railroad company so much thereof as would be required for the station and platforms described on certain blueprints accompanying the agreement. This agreement was approved by the board of public utilities commissioners on July 1, 1926, or one day after plaintiffs took title. In furtherance of the agreement, an ordinance was enacted by the governing body of the village to acquire or take by condemnation the lands in question. A public hearing on this ordinance was held July 20, 1926, on which date it was passed on final reading. Thereafter, the plaintiffs being unable to agree with the governing body of the Village as to the value of the lands, proceedings to condemn were instituted under chapter 71, P. L. 1925, p. 233, which resulted in the matter being referred to the board of assessment commissioners to make an award. After a hearing, at which plaintiffs appeared, the board made an award to plaintiffs of $7,500. Being aggrieved as to the amount of the award, the plaintiffs appealed the matter to the Bergen county circuit court where a trial took place, resulting in a judgment for plaintiffs on March 27, 1927, for $10,163.79, which judgment the village has offered to pay and the plaintiffs have refused to accept. Thereafter, the plaintiffs appealed from the foregoing judgment to the Court of Errors and Appeals, and the judgment of the circuit court was sustained. 104 N. J. Law, 402, 140 A. 300.

At least as early as August 12, 1926, the plaintiffs had knowledge that the railroad company and the municipality were in actual physical possession of the premises, and from then down to the institution of this suit in July, 1928, such possession and knowledge continued. In the interim, the railroad company and the municipality expended large sums of money for improvements thereon in furtherance of the objects of the contract.

It is urged that the village was without authority to contract as above outlined, and that the ordinance is ultra vires in that both the contract and the ordinance contemplate the taking of private property in an exercise of the power of eminent domain by the village for the avowed purpose of transferring the title thus acquired to the railroad company, and that the power of eminent domain can be exercised only for the use of the party exercising it.

In answer to the foregoing, the defense directs attention to chapter 145 of the Laws of 1925 (P. L. p. 377) under the terms of which municipal corporations of New Jersey are expressly authorized to enter into contracts with railroad companies to secure greater safety to persons or property and to facilitate the construction of other than grade crossings and to provide for improved station facilities. This act also provides that the "municipality and such railroad company" may purchase or condemn lands for such improvements and make such conveyances of their respective lands as will facilitate such undertakings.

Plaintiff's counsel further argues that the ordinance does not sufficiently describe the premises in question as required by the statute and raises certain objections to the procedure which was followed before and subsequent to its enactment.

It should be borne in mind that the objects sought to be attained under chapter 145 of the Laws of 1925 are such as fall clearly within the police power of the state, and that the state may deal directly with such subjects or may delegate its authority to lesser municipal units, and, when such power is exercised, its validity is measured, not by the express constitutional limitations which literally may seem to apply, but rather by those broader rules which arise ex necessitate rei when the police power is invoked.

Assuming, although not deciding, that the intent of the Legislature was to vest the municipality with power to exercise the right of eminent domain for the purpose of transferring the title thus acquired to the railroad company for the objects enumerated in the statute, the question then arises: Is such delegation of authority reasonable in view of the objects sought? It is not necessary, however, in this case to pass upon this question since another point would seem to dispose of the entire case.

When the plaintiffs elected to appear before the board of assessment commissioners on the subject of the value of the premises in question, and subsequently took an appeal to the circuit court, and from there to the court of last resort in this state, without attempting to exert those rights, which they here at this late date insist upon, they misled the defendants into a belief that the question of value was the only point in issue, thus bringing themselves clearly within the rule laid down by the United States Supreme Court in Roberts v. Northern Pacific Railroad Company, 158 U. S. 1, 15 S. Ct. 756, 758, 39 L. Ed. 873, wherein the court held: "If a land owner, knowing that a railroad company has entered upon his land, and is engaged in constructing its road without having complied with the statute, requiring either payment by agreement or proceedings to condemn, remains inactive, and permits them to go on and expend large sums in the work, he will be estopped from maintaining either trespass or ejectment for the entry, and will be regarded as having acquiesced therein, and be restricted to a suit for damages." A similar view is expressed by the New Jersey Supreme Court in a case where the same ordinance and the same contract here under consideration were dealt with. Rogers v. McGowan et al., 140 A. 670, 6 N. J. Misc. 261.

Judgment will therefore be entered for the defendants.