45 N.J. Super. 417 (1957)
133 A.2d 349
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-RESPONDENT,
v.
FIORE GORGA AND GLORIA GORGA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 10, 1957.
Decided June 25, 1957.
*418 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Ervan F. Kushner argued the cause for appellants (Mr. Salvatore D. Viviano and Mr. Robert Kleiner, attorneys).
Mr. Christian Bollermann, Deputy Attorney-General, argued the cause for respondent (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey and John F. Crane, Deputy Attorney-General, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
This is an appeal by the defendants from a judgment of the Law Division of this court awarding *419 $11,415.84 in compensation for their property taken in condemnation proceedings. The judgment includes the jury verdict of $10,750, and $664.84 for interest.
The property is substantially triangular in shape, having its apex at the intersections of State Highway No. 4, a well-traveled highway, and Saddle River Road, in Fair Lawn, New Jersey. On January 27, 1956, at the time the proceedings to condemn defendants' property were commenced, virtually all the property along the highway was zoned for business, but, as the Borough of Fair Lawn had at a prior date intended to use defendants' property as part of a county park, it was zoned for residential purposes.
Of the 45,997 square feet of defendants' property, plaintiff acquired approximately 8,971 square feet for road construction, including its entire 190 feet frontage on the highway, and an additional 1,405 square feet for slope rights along the perimeter of the acquired portion. The property was characterized as "low," "muddy" and "swampy." To facilitate road construction the acquired portion had to be filled in; thus slope rights were necessary to establish a gradual slope between the acquired portion and the remaining low portion  but the rights thus acquired were to revert to defendants if and when they filled in the remaining low land.
The condemnation commissioners, appointed pursuant to N.J.S.A. 20:1-2, fixed the compensation for defendants' property at $19,700. Both parties appealed from that award to the Law Division, where the following testimony was adduced: Two local businessmen testified that as early as the latter part of 1955, they each independently had considered purchasing defendants' property for use as a highway retail outlet, but no purchase was made in either case. Two real estate experts testified for defendants that although the property was zoned for residential purposes its highest and best use would be for business. One valued the property at $61,620 before the taking and the remaining property at $8,250 afterward  a difference of $53,370  the other at $69,170 before and $17,900 afterward  a difference of $51,270. Each of these figures, however, was based upon *420 use of the property for "business" purposes. As to its value for residential use, the first testified, "I don't think it would be worth much. I can't imagine that it would be worth anything. I don't know anybody who would want to live there as a residential use. It has no value." The second, "That is almost impossible to answer. * * * you could not logically expect that to be used for home purposes."
Plaintiff's real estate expert testified that he felt that the owner "would have a reasonable chance of having his property rezoned * * * for business although at the time of the taking it was zoned for strictly residential * * *," and that, as business property, its value was $8,658 before the taking, and $652.39 afterward  a difference of approximately $8,000. On cross-examination, he agreed the highest and best use of the property would be for business.
During the course of the trial, defendants sought to introduce into evidence a certified copy of a zoning ordinance, adopted November 12, 1956, almost ten months after the taking of their property, which changed the zone of the remaining portion of the property from residence to business. The trial court ruled against the admission of this evidence, and, on this appeal, the principal question before us is the propriety of that ruling.
Plaintiff contends that the exclusion of such evidence was proper, since the value of property taken in condemnation proceedings must be established as of the date that proceedings were commenced, without regard to any changes subsequent to that date, N.J.S.A. 20:1-9; Lehigh Valley R. Co. v. McFarlan, 43 N.J.L. 605, 611 (E. & A. 1881); Manda, Inc., v. Delaware, L. & W.R. Co., 89 N.J.L. 327 (E. & A. 1916); Ross v. Commissioners of Palisades Interstate Park, 90 N.J.L. 461 (Sup. Ct. 1917); New Jersey Highway Authority v. Wood, 39 N.J. Super. 575 (App. Div. 1956). This argument, however, fails to answer the question whether the zoning change may be admitted to show that the authorized use of the property for business could reasonably be anticipated at the time of taking, for such anticipated use might well be reflected in the value of the *421 property as of that date. See Long Beach City High School Dist. of Los Angeles v. Stewart, 30 Cal.2d 763, 185 P.2d 585, 173 A.L.R. 249 (Sup. Ct. 1947). Thus, it has long been a recognized rule in this state that a landowner is entitled to receive a fair price "for any use for which [his land] has a commercial value of its own in the immediate present, or in reasonable anticipation in the near future." Currie v. Waverly & N.Y.B.R. Co., 52 N.J.L. 381, 395 (E. & A. 1890); Somerville & Easton R. Co. ads. Doughty, 22 N.J.L. 495 (Sup. Ct. 1850); Manda v. City of Orange, 82 N.J.L. 686 (E. & A. 1912).
Plaintiff also contends that as of the date of taking, the zoning change was merely speculative, but this assertion is not supported by the evidence. Even plaintiff's expert witness testified that there was a reasonable possibility of the property being rezoned. Moreover, the principal reason for offering evidence of the zoning change was to prove that the anticipated change was not mere speculation, and thus lent support to the estimates of the property value based upon business use. See 4 Nichols, Eminent Domain (3d ed. 1951), sec. 12.322, pp. 140-141, Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, 814-815 (Tex. Sup. Ct. 1954). Indeed, in the case of Reindollar v. Kaiser, 195 Md. 314, 73 A.2d 493 (Ct. App. 1950), cited by the plaintiff, where zoning laws came into effect subsequent to the taking, the court admitted evidence of these zoning laws with the limiting charge to the jury that "You may take into consideration the fact that the Howard County Zoning Laws had not become operative at the time the property was taken, so that at that time it could have been utilized or sold for any purpose * * *." So here, the zoning ordinance may well have been received into evidence.
But does exclusion of this ordinance by the trial court warrant reversal? We have already observed that the trial court permitted both plaintiff's and defendants' witnesses to testify that the best and highest use of the property was for business purposes and to testify as to the value of the property for business use. And properly so. See 1 Orgel, *422 Valuation Under Eminent Domain (2d ed. 1953), sec. 34, p. 167, where the author states "if there is a reasonable probability that the ordinance may be changed or an exception made, the value for that purpose as affected by the existing ordinance may be considered." Further, the jury's verdict must have been based upon the use of the property for business, since the proofs show that for residential purposes it has little or no value. However, notwithstanding these factors, we cannot assume that the exclusion of the zoning ordinance had no substantial effect on the jury's award, for although the award is based upon the value of the property as a business use it is necessarily affected by the probability that such use might not be permitted. Proof of the zoning ordinance change might have minimized or eliminated such improbability.
This court has recently observed that in the trial of condemnation cases the limits to be applied to the admissibility of evidence are largely entrusted to the discretion of the court. New Jersey Highway Authority v. Rudd, 36 N.J. Super. 1 (App. Div. 1955). However, in the exercise of such discretion to exclude evidence, care must be taken that transgression is not made upon the federal and state constitutional mandates which forbid the taking of private property for public use without just compensation. U.S. Const., Amend. V; N.J. Const. (1947), Art. 1, par. 20. Pertinent factors which bear upon the question of just compensation may not be excluded if these mandates are to be upheld.
Plaintiff suggests that the zoning ordinance sought to be introduced was properly excluded because of the possibility of its invalidity. This argument was made and rejected in Overpeck Land Corp. v. Village of Ridgefield Park, 104 N.J.L. 402, 404 (E. & A. 1928).
The trial court's failure to admit the zoning ordinance in evidence might, perhaps, be considered so prejudicial in the circumstances as to warrant a reversal and a direction of a new trial. However, we must now consider defendants' objection to the trial court's charge. Although requested to *423 register any objection to the charge, counsel for defendants said he had none. There being no timely objection, we might well refuse to consider the point now raised. R.R. 4:52-1; Lertch v. McLean, 18 N.J. 68, 73-74 (1955); Harpell v. Public Service Coordinated Transport, 20 N.J. 309, 318 (1956). In our view, however, what was said in the course of the charge, considered together with the exclusion of the zoning ordinance by the trial court, throws sufficient doubt on the justness of the result reached as to warrant our consideration of the charge.
In the course of the charge, the trial judge several times instructed the jury that the value of the land taken and the damages, if any, to the remaining property as the result of such taking, had to be determined as of January 27, 1956, the date of the taking. The trial judge in his charge said:
"The rule is that the landowner is entitled to receive a fair price for any use for which the land has a commercial value of its own in the immediate present or in reasonable anticipation in the near future. This concerns the market value, having the reasonably anticipated use in view. The rule limits the proof to the market value of the land as of January 27, 1956 in the condition of the land at that time and the use to which it is naturally adapted or to which it is restricted by the municipal regulations relating to zoning. * * *"
And the trial judge further charged:
"My recollection of the discussion during this case was that on January 27, 1956, this land was zoned by the Borough of Fair Lawn for residential purposes, and the zoning regulations of the Borough are material insofar as it may affect the usability of the land and also in limitation of the rules that I have given you about the fair price for the land which the land has a commercial value of its own." (Emphasis added)
Thus, the jury's consideration of the value of the land taken and the damages to the remainder was restricted within a narrow range. Their attention was, by reason of the charge, directed and pin-pointed to the condition of the land and the zoning situation as of January 27, 1956.
*424 We consider that the charge as given, together with the exclusion of the zoning ordinance from the jury's consideration, in the circumstances of this case, requires a reversal and remand for a new trial.