54 N.J. Super. 520 (1959)
149 A.2d 266
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-RESPONDENT,
v.
FIORE GORGA AND GLORIA GORGA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1959.
Decided March 19, 1959.
*522 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Ervan F. Kushner argued the cause for defendants-appellants (Messrs. Kushner & Kleiner, attorneys).
Mr. William J. McCormack, Deputy Attorney General, argued the cause for plaintiff-respondent (Mr. David D. Furman, Attorney General of New Jersey, attorney; Mr. Stephen F. Lichtenstein, Deputy Attorney General, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
On January 27, 1956 the State Highway Commissioner filed a complaint under the Eminent *523 Domain Act, N.J.S.A. 20:1-1 et seq., for the condemnation of 8,971 square feet of the defendants' 39,247 square feet of property in Fair Lawn. The State also acquired about 1,405 square feet of slope easement for the support of its new construction, conditionally subject to being reclaimed by the defendants. The matter was heard by condemnation commissioners who awarded the defendants $19,700. Both parties appealed from this award, and the case came on for trial in the Law Division. A struck jury rendered a verdict of $10,750. On defendants' appeal, we reversed and remanded for a new trial, principally because of the trial judge's exclusion of evidence of a zoning amendment subsequent to the date of the taking, rezoning the premises from residential to business use. See 45 N.J. Super. 417 (App. Div. 1957). Subject to clarifying observations, the order for a new trial was affirmed by the Supreme Court. 26 N.J. 113 (1958).
On the remand, a second struck jury in the Law Division rendered a unanimous verdict of $9,750. A judgment of $11,096.04, including interest from the date of entry, was entered. Defendants appeal therefrom and from the refusal of the trial court to grant a new trial. Although this appeal and the prior one both concern the proper valuation of the condemned lands, the appellate decisions following the earlier verdict in this case are not material to the issues raised on this appeal.
The property in question is located on the heavily-trafficked State Highway 4, nine miles from the George Washington Bridge. At the date of the taking, it was a triangular tract, zoned for residential use, with a frontage of 190 feet on Route 4. After the taking, Gorga was left with no frontage on the highway. The land generally was partly high and partly low. The State's position throughout these proceedings was that the land is an almost worthless swamp, unsuitable for business purposes, as attested by the fact that it remained vacant despite extensive development in the area. Defendants contended, however, that their land was acquired for business purposes in 1948, at which time *524 it was zoned for business, and that although it was zoned residential in 1954, there was a reasonable probability in 1956 that the Borough would rezone it for business. The Gorgas minimized the tract's topographical difficulties; they claimed that the high ground of the tract was suited for a building and that the low area could be used for a parking lot.
Dissatisfied with the second verdict of $9,750, defendants argue they are entitled to a reversal for four reasons: (1) the trial court so restricted their attempts to prove "comparable sales" that the award resulted in a taking of property without due process of law; (2) the trial court's instruction to the jury relating to "so-called experts in real estate" was prejudicial; (3) the court erred in refusing defendants' requests to charge that the jurors should consider the decrease in the dollar's purchasing power; and (4) the landowners were deprived of substantial justice.
The defendants' first point, that the trial judge erroneously restricted their attempts to prove comparable sales, is clearly without merit. Indeed, the claim is difficult to comprehend since defendants offered proof of the consideration involved in only two allegedly comparable sales. One was admitted and the other was not. Evidence of the consideration of certain other sales mentioned by their expert was not even proffered, much less excluded. New Jersey Highway Authority v. Johnson, 35 N.J. Super. 203, 214 (App. Div. 1955).
As to the one sale that the trial judge rejected as not comparable, it was over a half-mile away, in a level, heavily built up area, near a drive-in theater. No objection was made to the trial judge's ruling. R.R. 4:47. Moreover, in condemnation cases, it is well established that the trial judge has a broad, albeit not unlimited, discretion in ruling on whether certain lands which have been sold are or are not comparable to the subject property. Laing v. United New Jersey R.R. & C. Co., 54 N.J.L. 576, 579 (E. & A. 1892); Brown v. New Jersey Shore Line R.R. Co., 76 N.J.L. 795, 796 (E. & A. 1908); State by State Highway *525 Com'r. v. Burnett, 24 N.J. 280, 289 (1957); In re Port of New York Authority, 28 N.J. Super. 575, 581 (App. Div. 1953); New Jersey Highway Authority v. Johnson, supra, 35 N.J. Super. at page 214; New Jersey Highway Authority v. Rudd, 36 N.J. Super. 1, 3 (App. Div. 1955).
Even if we were to assume that the trial judge abused his discretion in making the determination of non-comparability as to the one sale, we cannot tell whether a contrary ruling would have altered the result since the defendants made no proffer of what the testimony would reveal the sale price to have been. R.R. 4:44-3. "To say that the revelation of the price * * * would have tended materially to influence the jury * * * is a mere conjectural speculation." New Jersey Highway Authority v. Rudd, supra, 36 N.J. Super. at page 5.
Defendants' second contention is that the trial judge made certain prejudicial and improper remarks in his charge to the jury. It should be noted at this point that the testimony of the real estate experts produced by the parties was widely divergent. The Gorgas' two experts evaluated defendants' loss as of the date of the taking to be $53,370 and $51,250, respectively; the State's expert offered two estimates of their damages, one of $7,000 and the other of $8,002.69. The trial judge said in the course of his charge:
"It is also the right and very often the duty of a Judge to comment upon the testimony before you and thus give the Jury the benefit of perhaps what might be described as the greater experience of the Judge in matters of this kind.
I will not comment directly upon this testimony except in a general way and for the purpose of calling your attention to the next rule which I shall give you for your guidance.
There seems to me to be something definitely wrong when three people, so-called experts in real estate, can arrive at such a vast difference in the value of a piece of property, the difference between $53,000 and $51,000 and $8,000.
I have often wondered how this comes about, but I am frank to tell you that in my experience over the years in many, many of these cases fortunately the Jurors use their own common sense and judgment, and the view of the land, to my mind, seems to be the controlling factor in the ultimate result in matters of this kind.
*526 My concern about this expert opinion testimony not only in these cases in condemnation with real estate men, but also with the medical profession, is increasing as I get older. It is very disconcerting at times. However, I shall go no further with that except, as I said, to point out to you the rule that I have to give you next."
These comments were objected to immediately after the jury retired. On the motion for a new trial, defendants produced two newspaper articles which reported that the same trial judge had caused a physician to be indicted for perjury while testifying as an expert witness in his court and that the trial had resulted in a directed verdict of acquittal by consent of the State. The defendants claim that one of the jurors was a resident of the physician's town and that, therefore, at least this juror probably was aware of the implications of the judge's comments.
Defendants' argument that the judge's comments were "manifestly prejudicial" to them is untenable. The trial was in May of 1958. The newspaper clippings are dated December 1956. That the acquitted doctor and one of the jury in this case resided in the same municipality is no basis for a claim of prejudice. Furthermore, there was nothing in the charge to convey the impression that the trial judge found the defendants' experts unreliable as opposed to the State's expert. There was no attempt to tell the jury whom to believe. To the contrary, the jurors were expressly instructed that the "testimony of experts such as these gentlemen * * * is entitled to respect," and should be considered and "weighed by you as part of the evidence in connection with the other facts in the case." There was no prejudice to the defendants. Compare the charge disapproved in Guzzi v. Jersey Central Power & Light Co., 36 N.J. Super. 255, 261 (App. Div. 1955).
Objection also is taken here, as it was not at the trial, to the instruction that "the view of the land, to my mind seems to be the controlling factor in the ultimate result in matters of this kind." Citing Hinners v. Edgewater and Fort Lee R.R. Co., 75 N.J.L. 514, 518, 519 (E. & A. 1908), defendants say that the jurors' view of the land is *527 not a substitute for evidence but is only to be used in forming a judgment from the evidence and in reaching an opinion in reference thereto.
Disregarding that the question is not properly before us on review, R.R. 4:52-1, we agree with the defendants that, standing alone, the complained-of remark conceivably might be construed as an authorization to the jury to use their view of the land as evidence, in derogation of the principles expressed in the Hinners case and in State Highway Commission of New Jersey v. Lincoln Terminal Corp., 110 N.J.L. 190, 193-196 (E. & A. 1933). But see McCormick, Evidence (1954), § 183, p. 392. But the charge cannot be considered in isolation. It must be read as a whole, Ristan v. Frantzen, 14 N.J. 455, 461 (1954), and when so read, the court's charge with regard to the effect of the view is perfectly correct. No less than six times did the court charge, in effect, that the deliberations were to be governed by the testimony in court, and, with particular reference to the view, the court instructed emphatically:
"You have had an opportunity to view the premises and you may make use of that view of the premises in forming your judgment of the testimony, and in reaching an opinion upon its consideration.
Your conclusions upon questions you are to decide should be based upon the testimony as thus understood by you and applied to what you have seen. It may well be that your judgment of the testimony may, in some cases, be modified and in extreme instances perhaps controlled as a result of your view of the land."
We find the charge, so read as a whole, a proper one.
The third ground of appeal is that the court erred in refusing to charge defendants' requests relative to the depreciated purchasing power of the dollar. The point is not well taken. The jury was told to consider the value of the land as of the date of the taking, determined by what would be agreeable to a buyer and seller acting without compulsion. This is the proper test for the fixing of damages in such cases. See, e.g., State by State Highway Com'r. v. Burnett, supra, 24 N.J. at page 288; State v. Gorga, supra, 26 N.J. at pages 115-116. The bargaining of the *528 market place in arriving at the fair market value reflects the relative purchasing power of the dollar, as does the testimony of expert witnesses. Whether inflated or depressed, the value is as of a certain date.
Defendants' last point is that they were deprived of substantial justice and that the court erred in not granting a new trial. We have considered the numerous specifications of error and find them so lacking in merit as not to warrant further treatment. A careful review of the record leaves us well satisfied that substantial justice does not require a reversal and that the trial judge did not abuse his discretion in passing upon defendants' motion.
The judgment is affirmed.