STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. TALMADGE JOHNSON, DEFENDANT-APPELLANT.

Argued December 7, 1965—Decided January 24, 1966.

*Mr. Oscar Berman* argued the cause for appellant.

*Mr. Archibald Kreiger,* Assistant Prosecutor, argued the cause for respondent (*Mr. John G. Thevos,* Passaic County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant was convicted on two charges of selling a narcotic drug. The judgments were affirmed by the Appellate Division, and one judge having dissented, defendant brought this further appeal to us as of right. *R. R.* 1:2–1 (b).

The judgments are affirmed for the reasons given in the majority opinion of the Appellate Division. *State v. Johnson,* 90 *N. J. Super.* 105 (*App. Div.* 1965). However, we add a few words with respect to two matters.

The dissenting opinion concluded the trial court erred in admitting into evidence two paper bags in which Mr. Grossi, the investigator, kept the heroin he said he bought from defendant. It was necessary of course to identify the heroin, and insofar as a container was necessary to that end, the bags were properly received. The objection ran to notations on the bags which went beyond identification and tended to corroborate Grossi's testimony that he bought heroin from defendant at a given time and place. We agree that such markings were not admissible to corroborate the officer's testimony, at least in the absence of a claim of recent fabrication, but although in strictness such notations should have been removed, it does not follow that the failure was prejudicial. Neither *State v. Cooper,* 10 *N. J.* 532, 554 (1952), nor *Springer v. Labow,* 108 *N. J. L.* 68 (*Sup. Ct.* 1931), lays down an inexorable rule for reversal on that account. As with error generally, there must be an evaluation of its capacity for improper impact in the circumstances of a case. Here, we are satisfied the jury could not have thought the cryptic notations added any strength to Grossi's testimony. We see no prejudice.

The second matter concerns the trial court's refusal to permit defense counsel to spread an offer of proof on the record. Of course the trial court clearly erred in denying that opportunity, as the Appellate Division held. *State v. Sikora,* 44 *N. J.* 453, 464, 474 (1965); *State v. Abbott,* 36 *N. J.* 63, 77–78 (1961); *State v. Micci,* 46 *N. J. Super.* 454, 458

(*App. Div.* 1957). Before the Appellate Division, counsel, who had not represented defendant at the trial, was unable to state what proof would have been offered and hence the Appellate Division did not go beyond noting the void. By motion before us, defendant was permitted to supplement the record to present by affidavit what he claims was then in mind. The offer comes late, and the proper practice, we think, would be to apply to the court of first appeal, promptly after filing the notice of appeal, for leave to supplement the record. Nonetheless, the practice in this area not having been clearly delineated, we will assume the application was timely.

By this supplemental record defendant says he would have testified that on December 8, the date of the first offense, he was in New York City with Piccolo, the police decoy who died before trial; that Piccolo purchased heroin which he asked defendant to hold for him; that defendant declined but suggested that Piccolo might hide it in the hallway of the apartment house in which defendant lived; that when Piccolo returned to defendant's apartment later that day, he said he had taken "three of those things so that I can get off (take a shot) before going to bed."

We think this showing is inadequate. The questions put to defendant at the trial did not remotely suggest a purpose to prove that Piccolo had heroin secreted in the apartment house where defendant lived. The thrust of the questions was wholly to the purchase of heroin in New York to show that Piccolo knew of sources for heroin, and more particularly that Piccolo knew the going price. That Piccolo knew all of that was evident from the State's case; indeed Piccolo was used to catch vendors because of his experience and repute in that traffic. We gather that trial counsel was seeking to prove Piccolo's knowledge in order to attack Grossi's testimony that on December 8 Piccolo had defendant come to the front door to talk with Grossi as to what the price should be. In fact, defense counsel nonetheless argued in his summation that Piccolo had to know what the going rate was, and hence Grossi's story that Piccolo had defendant come to the front

door to discuss price was unbelievable. But of course both Piccolo and Grossi knew the price, and Grossi's protest was a pretense they used to induce defendant to meet Grossi.

As we have said, the questions put at the trial did not in any way suggest defendant wanted to prove that Piccolo had stored heroin somewhere in the hallway, and defendant was not precluded by the rulings complained of from putting questions relating to whether Piccolo had cached heroin in the premises. In any event, we do not see how the exclusion of that testimony, assuming it was properly offered, could realistically have affected the verdict. The nub of the case was an issue of credibility between Grossi and defendant. Grossi testified that on both December 8 at the door to the apartment house and on December 12 at the door to the Paradise Club, he saw and talked with defendant, and on both occasions saw defendant hand the objects to Piccolo. Defendant admitted both he and Piccolo were in defendant's apartment on December 8 and at the Paradise Club on December 12, but offered testimony that on those occasions it was another named individual who happened to be at the door with Piccolo. A claim that Piccolo told defendant he had a supply of heroin in the apartment house on either or both dates (according to Grossi, he and Piccolo went directly to the Paradise Club on December 12) could not have added anything influential upon the question whether Grossi or defendant was telling the truth.

The judgment of the Appellate Division is therefore affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and HALL—5.

*For reversal*—None.