**TAX COURT OF NEW JERSEY**

**JOSEPH M. ANDRESINI, P.J.T.C.**
PRESIDING JUDGE



125 State Street, Suite 100
Hackensack, NJ 07601
Tel: (609)815-2922 ex. 54570
Fax: (201) 996-8052

**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

January 14, 2020

William F. Rupp
Chasan Lamparello Mallon & Cappuzzo, PC
300 Lighting Way, Suite 200
Secaucus. NJ 07094

Christopher John Stracco
Day Pitney LLP
One Jefferson Road
Parsippany, NJ 07054-2891

> Re: <u>Sony Corporation of America v. Park Ridge Borough</u>
> <u>Docket No. 009341-2014</u>
> <u>Hornrock Properties, LLC v. Park Ridge Borough</u>
> <u>Docket No. 005960-2015; 003144-2016; 001911-2017; 002996-2018</u>

Dear Counsel:

This letter constitutes the court's findings of fact and conclusions of law regarding the

Plaintiff's, Sony Corporation of America and Hornrock Properties, LLC ("Plaintiff"), request to

permit testimony by witness Robert Mewis as excluded evidence under R: 1:7-3 in order to

preserve the testimony on the record for appeal. For the reasons stated more fully below, the

court will not permit Mr. Mewis to offer testimony as to the reliability of R.S. Means Online as

excluded evidence under R. 1:7-3 but will permit Plaintiff to submit the certification of Mr.

Mewis[1] as a proffer to preserve the evidence for appellate review in satisfaction of R. 1:7-3 instead.

## FINDINGS OF FACT AND PROCEDURAL HISTORY

Following the testimony offered by Plaintiff's cost expert, Mr. Devennie, Plaintiff sought to introduce testimony comparing cost expert Mr. Devennie's analysis reached through R.S. Means Online with an analysis made using the R.S. Means Manual. Mr. Devennie did not utilize the manual in drafting his report or verifying his conclusions, instead relying solely on R.S. Means Online. Plaintiff asserted that the manual and the online version were near identical, reaching their conclusions of valuation from the same data sources. (Pl. Br. 11/8/2019). The court sustained Defendant's objection to this type of testimony, stating that,

> "[Mr. Devennie] cannot provide any kind of comparison of the unit costs or any of the costs by utilizing the manual here today or any other day in this courtroom in this matter for the concerns I expressed, but mostly because he didn't rely on it in producing [his report]. He relied on the computer programming." (Tr. 7/16/2019 21:16-23:9).

Plaintiff then moved for reconsideration of the court's decision barring the requested testimony. At the conclusion of oral argument, the court concluded that, "[the court's] ruling is that we're staying within the four corners of the report." (Tr. 7/16/2019 28:16-29:3).

Thereafter, Plaintiff sought to introduce testimony of Robert Mewis, a longstanding employee of R.S. Means who is purportedly qualified to testify as to the reliability of the R.S. Means Online software. Plaintiff then filed a motion for an N.J. Evid. R. 104 hearing as to the admissibility of R.S. Means data and on the admissibility of expert testimony or in the alternative, to permit the testimony as to R.S. Means data as excluded evidence pursuant to R. 1:7-3. The court heard oral argument on the matter and accepted briefs from the parties resulting in an Order being entered on December 2, 2019 setting conditions on any testimony by Mr.

---

[1] See Certification by Robert Mewis to Authenticate Electronic Data dated 5/10/2019.

Mewis as well as laying out the timeline for the parties to respond.[2] The Order filed by the court on December 2, 2019 indicated that in order for Mr. Mewis to be allowed to testify as an expert witness, Plaintiff must provide the R.S. Means Online source code to the court and to Defendant as well as an expert report produced by Mr. Mewis.

On December 9, 2019, Plaintiff responded to the court that neither would be provided to Defendant. As such, pursuant to the court's Order dated December 2, 2019, Mr. Mewis will not be permitted to testify as an expert witness. Accordingly, the court now considers Plaintiff's alternative request to allow Mr. Mewis to offer testimony as excluded evidence under R. 1:7-3.

## **CONCLUSIONS OF LAW**

N.J. R. 1:7-3 states:

> If an objection to a question propounded to a witness is sustained by the court, the examining attorney may, out of the hearing of the jury (if there is a jury), make a specific offer of what is expected to be proved by the answer of the witness, and the court may add such other and further statement as clearly shows the character of the evidence, the form in which it was offered, and the ruling thereon. In actions tried without a jury the court shall upon request permit the evidence and any cross-examination relating thereto or evidence in rebuttal thereof to be taken down by the court reporter in full, or otherwise preserved, unless it clearly appears to the court that the evidence is not admissible on any ground or that the witness is privileged or unless the interest of justice otherwise requires. In actions tried with a jury the court may, in its discretion and in the absence of the jury, permit such taking and preservation of the excluded evidence.

The purpose of R. 1:7-3 is to preserve evidence excluded by the trial court on the record for subsequent appellate review so that the appellate court may more efficiently and cost effectively determine error or abuse of discretion by the lower court in excluding the evidence. The comment on R. 1:7-3 elaborates that, "[t]he rule affords the option to counsel, not the court, to preserve the excluded evidence by way of a proffer, and the court is ordinarily obliged, within the terms of the rule, to permit the offer of proof to be spread upon the record." *Pressler,*

---

[2] See Order dated December 2, 2019.

*Verniero, Current N.J. Court Rules*, comment on R. 1:7-3 (2020) (citing State v. Johnson, 46

N.J. 289, 291 (1966)). *Current N.J. Court Rules (2020),* comment on R. 1:7-3 further explains

that:

> If the trial is without a jury, the rule requires that the excluded evidence be adduced and preserved upon a party's request unless it is clearly not admissible or is privileged or "unless the interest of justice otherwise requires." The last of these exceptions is intended, e.g., to avoid inordinate time consumption where the excluded evidence is voluminous, or requires production of a number of witnesses, or would be inordinately prejudicial. Ordinarily, however, and where no such special circumstances exist, the adducing of the excluded evidence should be permitted so that if a prejudicial exclusionary ruling is reversed on appeal, the appellate court may either find the facts therefrom itself or require findings thereon by the trial court, thus avoiding the expense, delay and harassment of a remand for a new trial.

The importance of preserving evidence for appellate review has a longstanding history and is

applicable through several statutes[3] in multiple jurisdictions, both state and federal. Federal Rule

of Evidence 103 is analogous to N.J. R. 1:7-3 which reads as follows:

(a) Preserving a Claim of Error. A party may claim error in a ruling to admit
or exclude evidence only if the error affects a substantial right of the party and:
(1) if the ruling admits evidence, a party, on the record:
(A) timely objects or moves to strike; and
(B) states the specific ground, unless it was apparent from the context; or
(2) if the ruling excludes evidence, a party informs the court of its substance by an offer of proof,
unless the substance was apparent from the context.
(b) Not Needing to Renew an Objection or Offer of Proof. Once the court rules definitively on
the record—either before or at trial—a party need not renew an objection or offer of proof
to preserve a claim of error for appeal.
(c) Court's Statement About the Ruling; Directing an Offer of Proof. The court may make any
statement about the character or form of the evidence, the objection made, and the ruling. The
court may direct that an offer of proof be made in question-and-answer form.
(d) Preventing the Jury from Hearing Inadmissible Evidence. To the extent practicable, the court
must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.
(e) Taking Notice of Plain Error. A court may take notice of a plain error affecting a substantial
right, even if the claim of error was not properly preserved.

The advisory committee notes for FRE 103 similarly explain that:

---

[3] See South Carolina Rule of Evidence 103; Texas Rule of Evidence 103(a); North Carolina 8C-1. Rules of Evidence 103; Federal Rule of Evidence 103.

> Its purpose is to reproduce for an appellate court, insofar as possible, a true reflection of what occurred in the trial court… It is designed to resolve doubts as to what testimony the witness would have in fact given, and, in nonjury cases, to provide the appellate court with material for a possible final disposition of the case in the event of reversal of a ruling which excluded evidence. See 5 Moore's Federal Practice § 43.11 (2d ed. 1968). Application is made discretionary in view of the practical impossibility of formulating a satisfactory rule in mandatory terms.

In applying R. 1:7-3, the Appellate Division has established a preference for the trial court to err on the side of preserving any evidence for appellate review. In State v. Rowe, 316 N.J. Super. 425, A.2d 612 (App. Div. 1998), the court held that:

> The best technique is to make the offer of proof and preserve the record of excluded evidence in some more formal manner, either by testimony, if possible, or an affidavit or certification, or by preserving the proposed witness's written or adopted statement in the record by marking it for identification. See R. 1:7-3; Evid.R. 8(1) (N.J.E.R. 104(a)). The "proper ground work" for consideration of the question on appeal must be laid by counsel or the point can be forfeited on appeal. See Duffy v. Bill, 32 N.J. 278, 294, 160 A.2d 822 (1960); see also State v. Johnson, 46 N.J. 289, 291, 216 A.2d 392 (1966). The more specific and tangible the offer, the more likely appropriate preservation for appeal.

> The New Jersey Supreme Court has also held in favor of the importance of counsel

making a specific offer of proof to preserve any excluded evidence on the record, stating that:

> Without such a specific offer of proof… it is virtually impossible for the appellate court in reviewing the case to determine whether the exclusion had a prejudicial effect, and, the burden of such a showing being on the appellant, there can be no remand for a new trial because of the exclusion without an offer of proof. See Steffler v. Schroeder, 12 N.J. Super. 243, 248 (App. Div. 1951); Gibson v. Pennsylvania R.R., 14 N.J. Super. 425, 434 (App. Div. 1951); New Jersey Highway Authority v. Johnson, 35 N.J. Super. 203, 214 (App. Div. 1955); State ex rel. State Highway Com'r v. Gorga, 54 N.J. Super. 520, 525 (App. Div. 1959).

Accordingly, both the language of R. 1:7-3 as well as subsequent holdings by the New Jersey Supreme Court and the Appellate Division establish that the proper practice is to preserve the excluded evidence on the record. In the present case, however, the Plaintiff seeks to introduce excluded evidence in the form of new testimony before the court without affording counsel for the Defendant adequate ability to effectively cross examine the witness or offer rebuttal

evidence. Despite Plaintiff's reassurance that Defendant can be provided with the opportunity to depose Mr. Mewis and furnish its own expert to rebut Mr. Mewis's testimony, the court agrees with Defendant's contention that allowing Mr. Mewis to testify as to the reliability of R.S. Means Online without first providing the Defendant with the source code would lead to undue prejudice. It is the reasoning of this court that allowing Mr. Mewis to testify as to the underlying data and methodologies of the software, in his capacity as an expert for R.S. Means Online and with intimate familiarity with the program, without first providing the Defendant access to the underlying R.S. Means Online source code and data, will neuter effective cross examination.

Although in the context of a criminal trial, the Appellate division has held that a proffer for excluded evidence can be inadequate if not done in a timely fashion. See State v. Sanders, 2009 N.J. Super. Unpub. Lexis 3168 (App. Div. 2009) (Upheld the denial of introduction of witness requested as excluded evidence for the first time at the conclusion of trial due to lateness and absence of any indication that the witness would be beneficial, or its exclusion would lead to prejudice.) See also State v. Pittman, 2009 N.J. Super. Unpub. LEXIS 2754 (App. Div. 2009) (State's attempt to introduce witness as excluded evidence "too little, too late.")

## CONCLUSION

In the instant matter, Mr. Mewis was not identified by Plaintiff as a potential witness until late in the trial. Further, there has been no expert report provided, nor was the source code for the R.S. Means Online computer software made accessible to Defendant – both of which would be essential in permitting effective cross examination by the Defendant. Given both the significant delay in attempting to introduce Mr. Mewis's testimony, as well as Defendant's inability to adequately cross examine the witness, the court in its discretion cannot permit the introduction of testimony by Mr. Mewis as excluded evidence under R. 1:7-3. Allowing Mr.

6

Mewis to testify at this stage of the proceedings without providing the Defendant a meaningful ability to cross examine and rebut his testimony would lead to the inordinate prejudice cautioned in applying R. 1:7-3 in accordance with the interest of justice.

In accordance with the above, however, the court understands the importance of adequately preserving excluded evidence for appellate review. Although the court holds that testimony by Mr. Mewis would lead to inordinate prejudice to the Defendant, it is the opinion of this court that the introduction of the certification by Mr. Mewis onto the record as a proffer would adequately preserve the issue for appeal.[4]

For the reasons stated above, Plaintiff will be permitted to offer the certification of Mr. Robert Mewis of R.S. Means as a proffer to preserve the testimony excluded by this court for appellate review under R. 1:7-3.

Very truly yours,

_____
Hon. Joseph M. Andresini, P.J.T.C.

---

[4] Defendant has indicated their acquiescence to the same in their brief dated December 23, 2019.