W. A. MANDA, INCORPORATED, APPELLANT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, LESSEE OF THE MORRIS AND ESSEX RAILROAD COMPANY, RESPONDENT.

Argued March 16, 1916—Decided June 19, 1916.

1. The rulings of the trial court, admitting and rejecting evidence at the trial of this case, were not error. They were within the discretion of the trial judge.
2. The trial judge has the undoubted right to make comments upon the testimony so long as he leaves it to the jury to determine the facts and draw their own conclusions.
3. When land is taken by condemnation, trees and top soil thereon are a part of the land. They should not be valued separately and apart from the land by the jury, but may be taken into consideration in determining to what extent if any, the value of the land is thereby enhanced.
4. Under the Condemnation act (*Pamph. L.* 1900, *p.* 81, § 6), the value of the land taken and the damages are to be ascertained, as of the date of the filing of the petition and order thereon.

On appeal from the Essex County Circuit Court.

For the appellant, *Vredenburgh, Wall & Carey.*

For the respondent, *Maximilian M. Stallman.*

The opinion of the court was delivered by

BLACK, J. This case was tried in the Essex Circuit Court. It is an appeal from the verdict of a jury, fixing the amount of money to be paid by the respondent, for taking land under condemnation for its additional right of way. The strip of land taken, with the plants and shrubbery growing thereon, is in the village of South Orange. The dimensions of the land are about twenty to sixty-two feet in width and one thousand feet in length, containing a trifle less than nine-tenths of an acre.

The errors assigned for the reversal of the judgment en-

tered on the verdict of the jury are alleged trial errors. There are seventeen assignments of error and they are directed to the exclusion and admission of testimony, over the objections of the appellant; alleged errors, in the charge of the court to the jury, and the refusal, by the trial court, to charge as requested.

It would serve no useful purpose to bring under discussion, in detail, all the alleged errors argued by the appellant in this case. Some of the more important ones, however, may be noticed briefly. Thus, Louis H. Pierson, a witness, who described himself as having been engaged in the building business, to a certain extent, building large barns and houses, was not permitted to testify as to the value of the brick buildings on a certain piece of land, which had been put in evidence for comparison. This was not harmful error, nor was it error to exclude this question put to the appellant, Mr. Manda, "Now, will you tell us, if you are able to, what percentage of decrease in the valuation of this shaded land will probably arise because of this embankment concerning which you have testified, and the proposed use of this property for railroad purposes?" This was ruled out on the ground that the evidence sought to be elicited was speculative. And so, a question put to the same witness, "What allowance have you made for the value of the buildings on the Pierson property?" was overruled, on the ground that the witness had not qualified on the question of value.

Who is entitled to be considered as an expert, from the nature of the case, must be left very much to the discretion of the trial judge and his decision is conclusive, unless clearly shown to be erroneous in matter of law. *New Jersey Zinc Co.* v. *Lehigh Zinc Co.*, 59 *N. J. L.* 189, 194; *Elvins* v. *Delaware, &c., Tel. Co.*, 63 *Id.* 243, 247.

So, the admission of evidence, as to the amount paid for Cameron field. This was objected to on the ground of dissimilarity between that and the property under consideration. This manifestly was within the discretion of the trial judge. In this class of cases, there is no inflexible rule, which limits the period of time or the distance over which the inquiry

may be extended, as to the market value of other lands or the situation or use of such lands in the vicinity, whether fairly comparable with the lands taken. How far such investigation may be carried must be left in a great measure to the sound discretion of the trial court and, unless it appears that the rulings of the trial judge on such matters as are within his discretion worked some injury to the appellant, they will not be disturbed. *Packard* v. *Bergen Neck Railway Co.,* 54 *N. J. L.* 553; *Montclair Railroad Co.* v. *Benson,* 36 *Id.* 557.

So, the question was asked a witness, Julius V. Burgeman, "How do the prices in the catalogues which you have examined for this class of stock, compare with the prices which you have marked on this inventory?" The answer was, "About the same as those in the catalogue." The judge, in his charge to the jury, very properly limited the use which the jury should make of this evidence, when he said the jury must not accept, as evidence of value, the catalogue of the Elizabeth Nursery. It is received only for the purpose of showing the source from which the witness derived his knowledge. We have no evidence as to the standing or character of the nursery in question.

The charge of the judge deals with the law applicable to the case and reviews the evidence, summarizing it with skill and clearness. This was the undoubted right of the trial court, so long as he leaves the jury to determine the facts and draw their own conclusions. *Foley* v. *Loughran,* 60 *N. J. L.* 464, 477.

Objection is taken to this passage of the judge's charge: "In this case it appears that on the land condemned were a number of large fixed trees, not nursery stock, and a layer of top soil. These trees and the top soil are a part of the land and cannot be valued separately and apart from the land, but may be taken into consideration to determine to what extent, if any, the value of the land is enhanced for a fair sale in the market." This is an accurate statement of the law applicable to the case. *Lew. Em. Dom.,* § 724; 15 *Cyc.* 758. We fail to find any error in the charge.

Nor was there any error in the refusal to charge, as requested, although the record shows that just as the jury were about to retire Mr. Carey asked the court to call the attention of the jury to the point that the value of the property is to be considered as of the time when the condemnation proceedings were commenced, by the filing of the petition and the order thereon. This, of course, is a correct statement of the law, as provided by statute. *Pamph. L.* 1900, *p.* 81, § 6. The court, in reply, said there had not been shown to be any difference on this subject. The record shows that throughout the trial the testimony was directed to this time, in making the valuations, by the witnesses. The court had already charged the jury that the value of the nursery stock should be considered in its condition in the ground at the time of condemnation. It was not error for the court to refuse to further charge the jury on this point at that time. Finding no error in the record, the judgment of the Essex County Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.

*For reversal*—None.