No. 33,467

H. O. SAATHOFF and NELLIE SAATHOFF, His Wife, *Appellants*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellee.*

(72 P. 2d 74)

Opinion filed October 9, 1937.

*Charles I. Sparks* and *Clarence R. Sparks,* both of Goodland, for the appellants.

*Lester M. Goodell,* assistant attorney general, *Robert Osborn,* of Stockton, *C. C. Casey,* of Topeka, *Woodrow B. Morris,* of Oxford, and *Jay Jensen,* of Oakley, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Under proceedings in eminent domain, the highway commission appropriated for its use a narrow strip of ground bordering U. S. highway No. 40. Not being satisfied with the award of the appraisers, the landowners appealed to the district court, where the appeal was heard by the court, which awarded damages in the sum of $110. From the judgment on that award the landowners appeal to this court, urging the trial court erred in its rulings upon the admissibility of evidence, that the judgment is contrary to the evidence, and that their motion for a new trial should have been sustained.

Appellants' complaints with respect to excluded evidence bear on two matters. Appellant H. O. Saathoff had testified that his land was subject to irrigation and that he was building an irrigation system. One of appellants' witnesses also testified that when irrigated the land would be worth $100 per acre, which answer was

stricken by the trial court. Appellants urge that they were entitled to show the most advantageous use to which the lands may be put, and it may be conceded that is correct. (See 10 R. C. L. 130, and *Irrigation Co. v. McLain,* 69 Kan. 334, 76 Pac. 853; *Railway Co. v. Roe,* 77 Kan. 224, 94 Pac. 259; *Miltimore v. City of Augusta,* 140 Kan. 520, 38 P. 2d 675, and cases cited.) Here the witness had stated he had no opinion as to the value of the land before he made his statement of its worth. Not having qualified to answer the question, the answer was properly stricken. And later, on cross-examination, being asked as to value of the plaintiffs' lands, he stated he hadn't seen any land move for so long he had no idea of its value.

The other claim of error is this: Appellants had some currant bushes and a few fruit trees on the condemned land. They were not permitted to put a value on them separate from the value of the land. While it was proper to permit testimony as to how the land was improved, the improvements were a part of the real estate and were not to be valued separately. (20 C. J. 797; 10 R. C. L. 141.) In any event, there is no showing here that the excluded evidence was offered on motion for a new trial, and the error, if any, cannot now be urged. (G. S. 1935, 60-3004.) Appellants have failed to show wherein the trial court erred in its rulings on the admission of evidence.

Appellants' complaint that the judgment is contrary to the evidence is predicated largely on the evidence produced by them, and ignores that produced by the highway commission, which, if it had been fully credited by the trial court, would have warranted a judgment for as little as $55. Our examination of the abstract and counter abstract reveals ample evidence to sustain the award of the trial court.

There is no showing the trial court erred in denying the motion for a new trial.

The judgment of the trial court is affirmed.