# Richmond

## State Highway Commissioner of Virginia v. C. E. Reynolds, Et Al.

January 17, 1966.

Record No. 6097.

Present, All the Justices.

*Paul D. Stotts, Assistant Attorney General (Robert Y. Button, Attorney General; Kelly E. Miller, Assistant Attorney General,* on brief), for the plaintiff in error.

*S. Page Higginbotham* and *Vance M. Fry (Higginbotham & Fry,* on brief), for the defendants in error.

SNEAD, J., delivered the opinion of the court.

Pursuant to the provisions of Title 33, Chapter 1, Article 5 of Code, 1950, as amended, the State Highway Commissioner, sometimes herein called Commissioner, filed a petition to condemn .39 acre of a tract of land containing approximately 3 acres in Orange county owned by C. E. Reynolds and Lucy G. Reynolds, husband and wife. There was a brick dwelling on this portion of the tract, and on the residue there were located a guest cottage, garage, well and pump house. After viewing the property and hearing evidence, the commissioners appointed by the court returned an award of $17,000 as just compensation for the land taken and for damages to the residue. The Highway Commissioner filed exceptions to the commissioners' report, but they were overruled and the report was confirmed. We granted the Highway Commissioner an appeal.

For the purposes of this appeal a statement of the facts is not essential. The Commissioner made seven assignments of error, but those pressed before us relate (1) to the granting and refusing of certain instructions as offered, and (2) to the closing argument of counsel for the landowners.

The Commissioner offered Instruction No. 3 in this form:

"The Court instructs the commissioners that in ascertaining the fair market value of the land taken for highway purposes, you are not to assign a value to each tree, shrub or improvement and add these items or amounts to obtain a total value; *but you are to consider the land taken as a whole and determine its market value as a whole on the basis of the price it will bring when offered for sale by one who desires, but is not obliged to sell and is bought by one who desires, but is under no necessity, to buy.*" (Italics supplied.)

Over the objection of the Commissioner, the court amended the instruction by inserting the word "required" between the words

"not" and "to", making the clause read: "you are not required to assign a value to each tree, shrub or improvement * * *." In addition, it deleted the underscored portion of the instruction.

We agree with the Commissioner that the court committed prejudicial error by adding the word "required" to the instruction. As a result of this modification, the commissioners were told, in effect, that they were permitted to value each improvement separately and to determine their award by totaling the separate values ascertained.

Moreover, Instruction No. 4 told the commissioners in part that in ascertaining damages to the residue they could "give consideration to individual items of damage", but "they should not compute the damages to the residue by simply adding these items." When Instructions Nos. 3 and 4 are considered together it appears that the commissioners were permitted to value each item separately and to total the values in ascertaining damages for the land taken, but could not do so in fixing damages to the residue.

In 1 A.L.R. 2d, § 3, p. 887, the author states:

"Although a contrary rule has been applied with respect to growing crops in a few instances, the cases involving trees, crops, shrubbery, and the like in general support the conclusion that while such items may be considered as enhancing the market value of the land taken or damaged, they are not to be separately valued in estimating the compensation due the landowner." See also *Saathoff* v. *State Highway Commission*, 146 Kan. 465, 72 P.2d 74; *Glover* v. *State Highway Commission*, 147 Kan. 279, 77 P.2d 189; *W. A. Manda* v. *Delaware, L. & W. R. Co.*, 89 N.J.L. 327, 98 A. 467; *Commonwealth* v. *Combs*, 244 Ky. 204, 50 S.W.2d 497; *Mississippi State Highway Commission* v. *Hillman*, 189 Miss. 850, 198 So. 565; 29A C.J.S., Eminent Domain, § 173; 18 Am. Jur., Eminent Domain, § 253; 2 Lewis, Eminent Domain, 3d ed. § 724.

With reference to the deleted portion of the instruction complained of, which is italicized, we find that the language "but you are to consider the land taken as a whole and determine its market value as a whole" should not have been eliminated, because it qualified the clause which preceded it; it was a correct statement of the law, and it was nowhere stated in other instructions. It was not error to eliminate the balance of the sentence since that principle of law had already been stated in Instruction No. 2 granted at the Commissioner's request.

Instruction No. 5, as offered by the Commissioner, provided:

"The Court instructs the commissioners that the fair market value of the property is the price it will bring when offered for sale by one who desires, but is not obliged, to sell and is bought by one who desires, but is under no necessity, to buy.

"It is not the question of the value of the property to the Commonwealth *or to the owner personally*. Nor can the value be increased or reduced by an unwillingness to sell it or because the Commonwealth needs the particular property; nor because of the proposed construction of the road." (Italics supplied.)

The first paragraph and the italicized words in the second paragraph were deleted by the court over the Commissioner's objection, and the instruction was given as modified. It was not error to eliminate the first paragraph since, as stated above, that principle of law was embodied in Instruction No. 2.

The trial court apparently deleted the phrase "or to the owner personally" from the second paragraph because of what we said in *Highway Commissioner* v. *Crockett*, 203 Va. 796, 799, 800, 127 S.E.2d 354, relative to Instruction No. 7 which stated in part: "The commissioners must determine the fair market value of the land or interest therein being condemned, not what the land or interest therein may be worth to the State Highway Commissioner or to the owner. * * *" Although no point was made of it, we did say that the words "or to the owner" should have been eliminated.

In that case we quoted from 18 Am. Jur., Eminent Domain, § 245, pp. 881, 882, which read in part: "* * * It is the value to the owner, or the loss caused to him, and not the value to the condemnor, that is to be taken into consideration. * * *" But this quotation simply means that when property is taken by eminent domain the just compensation therefor is regarded from the point of view of the owner and not of the condemnor. Just compensation in the constitutional sense is what the owner has lost and not what the condemnor has gained. Nichols on Eminent Domain, Vol. 4, 3d ed., § 12.21, p. 64. The above quotation does not contemplate the value to the owner *personally*. "So long as there is an ascertainable market value no consideration need be given to value peculiar to the owner. Sentimental value must be ignored. Condemnation proceedings are *in rem* and just compensation must be based upon the value of the rights taken without regard to the personality of the owner or his personal relationship to the property taken." Nichols on Eminent

Domain, Vol. 4, 3d ed., § 12.22[2], p. 70. See also 18 Am. Jur., Eminent Domain, § 242, p. 878.

In the final analysis, the value to the owner is measured by the market value of the property at the time of the taking and not by its peculiar value to either party. See *Talbot* v. *Norfolk*, 158 Va. 387, 163 S.E. 100; 6 M. J., Eminent Domain, § 40, pp. 727, 728; Orgel on Valuation Under Eminent Domain, Vol. 1, 2d ed., § 17. Thus, we hold that if an instruction similar to Instruction No. 5 is offered at the new trial it should either state that it is not a question of the value of the property to the Commonwealth or to the owner personally, or reference to both the Commonwealth and the owner should be eliminated.

The Commissioner has also assigned error to the granting of Instruction No. 11A, which provided:

"The Court instructs the Commissioners that under the Constitution of Virginia, private property cannot be taken for public use without just compensation. Just compensation for the property taken must be paid in money and cannot be reduced under any circumstances by enhancement in value, if any, to the residue or other lands of the owner."

The Commissioner contends that this instruction was incomplete and misleading and should have contained language which would have made it "clear to the commissioners that enhancement in value to the property could be offset against damages to the residue." The language of the instruction limits itself to property taken and does not include the residue. Moreover, Instruction No. 7 fully informed the commissioners of the principles of law concerning the enhancement in value of the residue. We find that Instruction No. 11A was a correct statement of the law and that the court did not err in granting it.

The Commissioner also asserts that the trial court erred in granting Instruction No. 13. It provided:

"The Court instructs the Commissioners that the taking of the land in this case by the State Highway Commissioner is an absolute taking and vests title in the land so taken in the State Highway Commissioner in fee simple, and the landowner has no right to maintain any physical thing upon, nor in the air over, nor under the surface of, the land so taken. And in this connection the Court tells the Commissioners that the landowner has no right to have branches

of trees overhanging, nor roots of trees extending beyond, the new property line established by the taking."

The Commissioner's objection to the instruction is directed to the second sentence. He contends that it is argumentative; that it "calls attention to one specific item and gives undue and unfair attention to this one specific item", and that it has a tendency "to mislead the commissioners into thinking that the Highway Department * * * is acquiring an additional right over and above that which is acquired in the ordinary condemnation case."

In *Trucking Company* v. *Flood*, 203 Va. 934, 937, 128 S.E.2d 437, we said:

"An instruction which is confusing, argumentative, long, and merely an attempt on plaintiff's part to have the court apparently agree with his theory of the case should be refused."

We agree with the Commissioner's contention that the sentence in question was argumentative and emphasized "one specific item." Upon a retrial of the case it should be eliminated.

Finally, the Commissioner contends that the trial court erred in not sustaining his objection to portions of the closing argument made by one of the attorneys for the landowners. At the conclusion of the argument of counsel for the landowners, counsel for the Commissioner stated to the court: "We would like to object to the argument of counsel on the ground that the argument has been given on the basis of the value of the property to the landowners and on the basis of their personal preference, when the issue is the fair market value of the property before and after the taking." The objection was overruled and an exception was taken.

During the course of argument counsel for the landowners made several objectionable remarks to the commissioners, but none of these was specifically objected to by counsel for the Commissioner either at the time it was made or at the conclusion of the argument, and counsel for the Commissioner did not ask the court to instruct the commissioners to disregard the remarks, nor did he ever ask for a mistrial. Hence, the objection was waived. *Hargrow* v. *Watson, Administrator*, 200 Va. 30, 34, 35, 104 S.E.2d 37; Burks Pleading and Practice, 4th ed., § 317, p. 566.

However, since this case must be reversed on other grounds, we deem it proper to say that upon a fair reading of the argument we find that it contained statements which appealed to the sympathy of the commissioners and improperly emphasized the value of the

property to the owners personally. For example, this remark was made:

"Then, finally we come to Mrs. Reynolds. Mrs. Reynolds got on the stand and she told you in her own way why this home is nice; why it is valuable, and I don't suppose anyone knows the good points in a home better than the lady, who stays there night and day, summer and winter, watching the cherry trees when they begin to bear fruit and then makes the husband go out and pick the fruit."

In addition, counsel for the landowners concluded his remarks to the commissioners by saying, "They [landowners] did not have any choice here, they did not have any choice, the road came through and they had to give up their land, now, it is up to you to make them whole." This portion of the argument was *contra* to that part of Instruction No. 5, *supra,* which stated that value cannot be "increased or reduced by an unwillingness to sell."

Clearly, the two foregoing types of argument were improper and prejudicial to the Commissioner. Suffice it to say that upon a retrial of the case counsel for the landowners should refrain from using them.

For the reasons stated, the judgment appealed from is reversed and the case remanded for a new trial.

*Reversed and remanded.*