# Richmond

## Beulah M. Whitworth v. State Highway Commissioner of Virginia.

June 10, 1968.

Record No. 6683.

Present, All the Justices.

*J. Sloan Kuykendall* (*Douglas M. Swift, Jr.; Kuykendall and Whiting,* on brief), for plaintiff in error.

*Paul D. Stotts, Assistant Attorney General* (*Robert Y. Button Attorney General; Kelly E. Miller, Assistant Attorney General,* on brief), for defendant in error. .

GORDON, J., delivered the opinion of the court.

Beulah M. Whitworth, a landowner, appeals from an order entered November 7, 1966 confirming an award of $33,500 for the taking of part of her property and for the damages to the residue of her property by reason of the taking. The questions presented are: (1) Should the court have summoned, as the panel from which the commissioners would be selected to act in this case, persons who had recently acted as commissioners in other condemnation cases? (2) Did the court in fact instruct the commissioners to disregard an expert witness's testimony respecting the value of the improvements on the condemned land based on reproduction cost less depreciation? (3) Was a witness qualified to express an opinion respecting the value of the improvements? (4) Should the court have allowed interest to the date of the order confirming the award, instead of to an earlier date when funds were deposited in court?

The State Highway Commissioner instituted this proceeding on April 17, 1965 by filing a petition pursuant to Code § 33-60.1. In the petition the Highway Commissioner recited that the Commonwealth had acquired fee simple title to a tract of land owned by Mrs. Whitworth on April 6, 1965, when he filed a certificate pursuant to Code § 33-70.3 calling for the payment of $28,350 to the owner of the property. The Highway Commissioner also recited that the parties were unable to agree on the value of the property and asked that commissioners be appointed to determine the just compensation for the property and the damages, if any, to the residue.

The land taken by the Highway Commissioner comprised 12.91 acres of a 13.9-acre parcel owned by Mrs. Whitworth, which abutted Routes 522 and 340 near Front Royal. The principal improvement on the 12.91 acre tract was a stone dwelling, which was constructed in the 1930's.

Pursuant to Code § 33-63.1 the court on May 21, 1965 summoned nine disinterested freeholders as a panel from which five commis-

sioners were subsequently selected to act in this case. Counsel for Mrs. Whitworth objected to the summoning of those freeholders because all of them had recently served as commissioners in other condemnation cases.

At the trial a witness for the Commonwealth expressed the opinion that the land had a value of $7,100, the improvements had a value of $20,855 and the damages to the residue were $395, or a total of $28,350 for land, improvements and damages. As a basis for his opinion he considered the sales prices for somewhat comparable properties, but he was not aware of a recent sale of any property that was "directly comparable".

John W. Mulroy, an expert witness for the landowner, expressed the opinion that the land had a value of $12,910, the improvements had a value of $42,980 and the damages to the residue were $891, or a total of $56,781 for land, improvements and damages. He based his valuation of the improvements on replacement cost less depreciation, because he could find no recent sale of comparable property. At the conclusion of Mulroy's examination-in-chief, counsel for the Highway Commissioner moved that Mulroy's testimony respecting the value of the improvements be stricken because "his appraisal was strictly on a replacement cost". (Mulroy's appraisal of the improvements was in fact based on reproduction cost *less depreciation.*) The court overruled this motion.

In response to questions on cross-examination, Mulroy testified that after reaching an independent opinion as to the replacement cost of the improvements, he had "checked" his conclusion by consulting "a local, very reputable builder" and an index of building costs. At the conclusion of Mulroy's testimony, counsel for the Highway Commissioner renewed his motion to strike Mulroy's testimony. The court then sustained the objection and gave this instruction to the commissioners: "The Commissioners will disregard the testimony as to the replacement value of the property."

Mrs. Whitworth's counsel also called Sam Zuckerman to testify respecting the value of the land and improvements. Zuckerman was familiar with Mrs. Whitworth's property, having been at her home on several social occasions. He owned land in Front Royal, parcels of which he had sold, and he had previously bought and sold land in Warren County. The record discloses that Zuckerman was formerly a member of the Front Royal Town Council, but it is silent as to his past and present business occupations. When asked whether

he was "familiar or acquainted with construction costs", Zuckerman replied, "In my type of business certainly I would have some experience in construction".

The court permitted Zuckerman to give an opinion respecting the value of the land, but ruled that he was not qualified to give an opinion respecting the value of the improvements.

At the conclusion of the trial the commissioners returned an award of $33,500 (of which the sum of $590 was designated as damages to the residue), to which counsel for Mrs. Whitworth excepted. On a date not disclosed by the record, the Highway Commissioner paid into court $5,150 (the excess of the award over the amount of the certificate filed April 6, 1965), plus interest thereon from April 6, 1965 to the date of payment into court. No order was entered that authorized this payment into court.

By an order entered November 7, 1966, from which this appeal was prosecuted, the court confirmed the commissioner's award. The court also overruled Mrs. Whitworth's contention that interest on the excess of the award over the certificated amount should be computed to November 7, 1966, instead of to the date of the payment of the excess into court.

This brings us to the first question raised by Mrs. Whitworth's counsel, whether the court erred in summoning freeholders who had recently served as commissioners in other condemnation cases. Counsel argues that the court should not have summoned those freeholders because they, having recently served as commissioners, necessarily had fixed opinions respecting property values.

But Code § 33-63.1, pursuant to which the court summoned the panel in this case, requires only that the court summon distinterested freeholders who reside within the jurisdiction of the court. The statute contains no language that expressly or impliedly required the court to consider freeholders suggested by counsel or that disqualified freeholders because they had recently acted as commissioners in other condemnation cases.[1] We therefore hold that the court committed no error in this regard.

The second question is whether the court in fact instructed

[1] Under an amendment to Code § 33-63.1, effective June 28, 1968, opposing counsel may agree upon the commissioners who shall serve. If they cannot agree, the court must select a panel of prospective commissioners from lists presented by counsel. (The amendment also provides for alternate commissioners.) Va. Acts of Assembly 1968, ch. 535, at 758-59.

the commissioners to disregard the testimony, given by John W. Mulroy (Mrs. Whitworth's expert witness), respecting the value of the improvements based on reproduction cost less depreciation. Counsel for the Highway Commissioner, recognizing the majority rule that such testimony is admissible, contends that the court did not instruct the commissioners to disregard Mulroy's testimony respecting the value of the improvements. He contends that the court instructed the commissioners to disregard only Mulroy's hearsay testimony, that is, his statements about the information he had received from other sources relating to construction costs.[2]

We do not agree with this contention. The court did not instruct the commissioners to disregard only Mulroy's hearsay statements, but instructed the commissioners to disregard Mulroy's "testimony as to the replacement value of the property" (see page 97, *supra*).[3] This instruction constituted reversible error.

The third question is whether the court should have permitted Sam Zuckerman to express an opinion respecting the value of the improvements. A witness is usually permitted to give opinion evidence in condemnation cases, even if he is not an expert in the strict sense, provided he has resided or done business in the general area for a sufficient length of time to enable him to become familiar with the facts upon which the value of the property in controversy de-

---

[2]The ultimate determination to be made by the commissioners in a condemnation case (aside from the damages to the residue) is the market value as a whole of the condemned property, to be determined on the basis of the price it will bring when offered for sale by one who desires, but is under no necessity, to sell and is bought by one who desires, but is under no necessity, to buy. See *Highway Commissioner v. Reynolds*, 206 Va. 785, 146 S.E.2d 261 (1966). Testimony respecting the fair value of land and of improvements is admissible to aid the commissioners in making this determination. See 5 *Nichols, Eminent Domain* § 18.11, at 142 (3d ed. 1962). We agree with the majority rule that testimony respecting fair value of improvements based on reproduction cost less depreciation is admissible, provided the adaptability of the improvements to the land is established (as was true in this case). See *Id.* § 20.2[1], at 372; *Re Blackwell's Island Bridge Approach*, 198 N.Y. 84, 87, 91 N.E. 278, 279 (1910).

An expert should be permitted to outline the information upon which he based his conclusion and to give the reasons for his opinion. See *Nichols, supra* § 18.42[1], at 241. If an expert outlines information obtained from other sources, the court on request should instruct the commissioners that such information should not be regarded as evidence of value, but may be considered only for the purpose of determining what weight should be given to the expert's conclusion.

[3]Counsel for the Highway Commissioner so interpreted the court's instruction, for in his closing argument he said: "[T]he Court informed you to disregard [Mulroy's testimony about the value of the improvements] because . . . Mulroy's estimate of value was made on replacement cost."

pends. See 5 *Nichols, Eminent Domain* § 18.4[4], at 204 (3d ed. 1962); cf. *Kerr* v. *Clinchfield Coal Corp.*, 169 Va. 149, 155-56, 192 S.E. 741, 743 (1937). "[W]hether he has acquired sufficient information to qualify him to give an opinion is a question that must rest largely within the discretion of the trial court." *Nichols, supra* § 18.4[4], at 210.

Zuckerman did not indicate that he had knowledge of any recent sale of property comparable to Mrs. Whitworth's property. Apparently, like Mrs. Whitworth's expert witness, he proposed to express an opinion respecting the fair value of the improvements based upon reproduction cost less depreciation. The trial court decided that Zuckerman was not qualified to express an informed opinion in that regard. We cannot say that the court improperly exercised its discretion.

The last question is whether the court properly computed interest on the excess of the award over the amount of the certificate filed by the Highway Commissioner. As already mentioned, the court allowed interest on the excess computed from the date when the Highway Commissioner filed the certificate to the date when the Commissioner paid the excess plus accrued interest into court.[4] Mrs. Whitworth's counsel contends that interest should have been computed to the date of the order overruling the exceptions and confirming the commissioners' report, instead of to the earlier date when the Commissioner paid the funds into court. To deal with this contention, we must examine the statutes that govern the right to interest in highway condemnation proceedings.

Code § 33-70.10 provides in part:

"In the event of an award in a condemnation proceedings (*sic*) being of a greater amount than that deposited by virtue of a certificate, the excess amount, *together with interest accrued on such excess amount at the rate of five per centum per annum from the date of such deposit to the date of payment into court*, shall be paid

---

[4]At oral argument counsel for the Highway Commissioner asserted that Mrs. Whitworth could have withdrawn the excess plus accrued interest at any time after those funds were paid into court and, therefore, should not be entitled to additional interest on the excess. But her withdrawal of the funds could have raised the question (which we do not now decide) whether she thereby accepted the commissioners' award and abandoned her exceptions. Compare Code § 33-70.6, which expressly provides that a landowner may, without prejudice, accept payment of the amount of a certificate filed pursuant to Code § 33-70.3.

into court for the person or persons entitled thereto." (Emphasis supplied.) Va. Code Ann. § 33-70.10 (Supp. 1966).

It should be noticed that Code § 33-70.10, though authorizing the payment of interest computed from the date of the filing of the certificate to the date of payment of the excess into court, does not prescribe the date when payment may be made into court.

The date when payment may be made into court is prescribed, however, in Code § 33-67 which provides in part:

> "Upon the return of the report of the commissioners appointed in such proceedings *and the confirmation, alteration or modification thereof in the manner provided in this article,* the sum so ascertained by the court as compensation and damages, if any, to the property owners may be paid into court . . ." (Emphasis supplied.) Va. Code Ann. § 33-67 (Supp. 1966).

No other Code section relating to condemnation for highway purposes prescribes the time when the Highway Commissioner may pay funds into court to satisfy an award. And Code § 33-67 authorizes payment into court only after the commissioners' report has been confirmed, altered or modified by the court.

Counsel for the Highway Commissioner contends, however, that Code § 33-67 is not applicable when (as was true in this case) the Highway Commissioner files a certificate pursuant to Code § 33-70.3, thereby vesting title in the Commonwealth, and subsequently files a condemnation petition. Counsel argues in effect that Code § 33-67 is applicable only when the Highway Commissioner files a condemnation petition pursuant to Code § 33-60.1 and prosecutes the proceeding to a conclusion, without filing a certificate pursuant to Code § 33-70.3.[5]

---

[5]Title 33, Chapter 1, Article 5, of the Code (Code §§ 33-57 through -75) provides two methods for acquiring land for the construction of public highways. Under one method the Highway Commissioner files a petition pursuant to Code § 33-60.1, and title vests in the Commonwealth only after it has paid to the landowner the compensation and damages fixed by the court in its order confirming, altering or modifying the commissioners' report. Under the other method the Highway Commissioner files a certificate calling for the payment of the sum (or pays into court the sum) that he estimates as being the fair value of the property taken. Title to the property vests in the Commonwealth upon the filing of such certificate. If the Highway Commissioner has not instituted condemnation proceedings before filing the certificate, he must (unless the parties have agreed upon just compensation and damages) file a condemnation petition asking for the appointment of commissioners to determine just compensation and damages.

But Code § 33-70.9, pursuant to which the Highway Commissioner filed a petition in this case, requires him (unless the parties have agreed upon just compensation and damages) to "institute condemnation proceedings, as provided in this article". Va. Code Ann. § 33-70.9 (Supp. 1966). So when the Highway Commissioner filed a petition in this case, he instituted "condemnation proceedings" that were governed by the provisions of "this article" (Code §§ 33-57 through -75), including Code § 33-67.

For these reasons we hold that the court incorrectly computed the interest payable to Mrs. Whitworth. Upon a new trial of this case the court should allow interest on the excess (if any) of the award, as finally approved by the court, over the certificated amount computed from April 6, 1965 to the date of the order confirming, altering or modifying the commissioners' award or, if later, to the date of payment into court.

*Reversed and remanded.*