## CIRCUIT COURT OF THE CITY OF RICHMOND

Landrum A. Gentry
and Doris R. Gentry

v.

Nationwide Mutual Fire
Insurance Company

November 13, 1987

Case No. LJ-2286-2

By JUDGE MELVIN R. HUGHES, JR.

This case involves a claim brought by insureds Landrum A. Gentry and Doris R. Gentry against their insurer, Nationwide, under a fire insurance policy covering a dwelling, its contents and incidental expenses incurred by the insureds. Nationwide had denied plaintiffs' claims under the policy on the basis that the fire causing the loss was incendiary in origin.

On June 19, 1987, upon the return of a jury verdict in favor of plaintiffs, plaintiffs moved the Court to reconsider its grant of partial summary judgment in defendant's favor after granting, in part, defendant's motion to strike at the end of plaintiffs' case. The effect of the Court's ruling was to preclude issues of loss of the dwelling from the case. In addition, plaintiffs moved the Court to enter judgment for the amount of their claim

for the loss of the dwelling. At that time, defendant moved the Court to enter judgment according to a Pretrial Order to which the parties had agreed and which had been entered prior to trial. The Court took the motions under advisement subject to a briefing schedule and the matters were argued on October 26, 1987.

During the argument, counsel mentioned that the Court excluded from the evidence a damage estimate document compiled on behalf of the defendant listing damage to the real estate by item and with a total of approximately $48,000. The Court has since reviewed the record consisting of a portion of the trial transcript on this question supplied earlier by counsel. The Court mentioned during the argument that, in spite of defendant's hearsay objection to this evidence, the evidence may have been admissible as a party admission.

After reading the transcript, however, the Court finds that the exclusion was proper. The transcript indicates that the appraiser who made the estimate was an independent contractor and as such was not authorized by the insurer to speak for it on this matter; there was no showing he had actual or apparent authority, as would be the case with a high-ranking official or general agent. *See* Friend, *Law of Evidence in Virginia* (2d Ed.), § 255. Thus the party admission exception is inapplicable. The business record exception is also inapplicable because the estimate contains the opinions and conclusions of the appraiser. The business record exception is limited to records of facts and events. Friend at § 235.

On the question of whether the issue of damage to the realty should have been presented to the jury on the evidence presented, the Court is of the opinion that its ruling in this regard was likewise correct. Plaintiffs therefore will not be awarded a new trial on this basis. I agree with defendant that the issue of what damages are due plaintiffs is governed by the terms of the insurance contract between these parties. Defendant's contractual obligation is to repair or replace the dwelling. While evidence of the value a plaintiff himself assigns to his home may be competent on the issue of fair market value, it does not present a jury question when the damages are determined by a different standard, the contract term of replacement cost. *See*, *e.g.*, *Whitworth v. Highway*

*Commissioner*, 209 Va. 95 (1968); *Wine v. Beach*, 194 Va. 601 (1953). For the same reason, the testimony of the tax assessors was not sufficient to present the question to the jury; the assessors testified only as to the assessed value for tax purposes, and did not distinguish the method by which the assessed value was determined.

Plaintiffs also take issue with the Court's ruling that defendant's expert witness could not be compelled by plaintiffs to testify for them. The duty of an expert witness to attend trial and give testimony is created by contract rather than by law. *Bradley v. Poole*, 187 Va. 432 (1948). Defendant notes that the expert declined an invitation by plaintiffs to testify for them, as he was already under contract with defendant. Thus, the court adheres to its earlier ruling. Moreover, defendant objected to plaintiffs' attempt to call the expert on the ground that plaintiffs failed to answer an interrogatory on whether they intended to use an expert at trial. This ground alone is sufficient reason to preclude plaintiffs from compelling the expert's testimony, given prior rulings of the Circuit Court. *See, Winfree v. Richmond Memorial Hospital*, (Case No. LH-7863, July 16, 1985).

Finally, defendant has moved to require plaintiffs to pay for the expenses of this expert in connection with his appearance at the sole request of plaintiffs, at a deposition and at trial. There is nothing on the face of the subpoena, however, that would require payment by plaintiffs for the expert's time in this involvement. As for the deposition, defendant represents that the expert appeared voluntarily. In neither of these instances is there evidence of a promise by plaintiffs to compensate the expert. Indeed, the court ruled with defendant on its objection to plaintiffs' calling the expert to testify at trial, on the ground that plaintiffs had no contract with the expert. At that time defendant represented and plaintiffs have never disputed that the expert was unwilling to contract with plaintiffs to give testimony for them. Plaintiffs should therefore not be called upon to compensate him. If this situation is any different the Court would like to be advised as the expert's unwillingness to contract

244

with plaintiff in order for him to testify was the basis for the Court's ruling in this regard at trial. Otherwise, defendant's motion is denied.

Accordingly, plaintiffs' post-trial motions are denied and defendant is directed to provide a sketch for order denying plaintiffs' motions and defendant's motion regarding the expert, preserving the parties' exceptions to the actions taken by the Court on them.